**Richmond.**

COMMONWEALTH v. HURT.

March 21st, 1889.

VIRGINIA COUPONS—*Production of bond.*—When a paper, purporting to be a coupon cut from a State bond, is offered in evidence, burden of proof is on party offering it. Contestant of its genuineness may demand production of bond as a condition precedent to his right to recover, and the question may be raised without plea of *non est factum.* Code 1887, § 412.

Error to judgment of corporation court of Lynchburg, rendered December 12th, 1888, upon the petition of S. C. Hurt against the Commonwealth under sections 406, 407, and 408 of the Code of 1887, for the identification and verification of coupons. The judgment being against the Commonwealth, she obtained a writ of error and *supersedeas.* Opinion states the case.

*Attorney-General R. A. Ayers,* for the Commonwealth.

*W. W. Larkin,* for the petitioner.

LEWIS, P., delivered the opinion of the court.

This was a proceeding in the corporation court for the city of Lynchburg, to try the question as to whether certain alleged tax-receivable coupons, which had theretofore been tendered by the plaintiff to John W. Bransford, treasurer of the said city, in payment of certain taxes due by the plaintiff to the Commonwealth, were genuine coupons and legally receivable for

such taxes. The proceeding was under sections 406, 407, 408, and 412 of the Code. The last-mentioned section enacts as follows:

" Where any paper, purporting to be a coupon cut from a bond of the State, is offered in evidence in any case, the burden of showing its genuineness shall be on the party offering it. If the paper be printed, engraved, or lithographed, expert testimony shall not be received to establish such genuineness. At the hearing or on the trial of the issue, the party contesting the genuineness of such coupon may call for the production of the bond from which the coupon was detached, and the plaintiff shall be required to produce the bond as a condition precedent to his right of recovery."

The plaintiff, not contesting the constitutionality of this legislation, but impliedly, at least, conceding its validity, produced in court, at the trial, the bonds from which the coupons in question had been detached, which purported to be bonds of the State, whereupon counsel for defendant proposed to interrogate the witness by whom the bonds were produced as to the genuineness of the signatures to the bonds. But to this counsel for the plaintiff objected, and the court sustained the objection, and declined to permit evidence upon the point to be introduced, unless the defendant should first file a plea of *non est factum* as to the said bonds, to which ruling of the court the defendant excepted. And a verdict and judgment having been rendered for the plaintiff, the case, on a writ of error, was brought to this court.

We think the ruling of the corporation court complained of is erroneous. Upon the production of the bonds it was competent for the Commonwealth to show, if she could, that the bonds were not genuine, in order to show that the coupons detached from them were spurious, and therefore not "legally receivable for taxes"; and to show this, it was not necessary that a plea of *non est factum* should have been filed. Indeed, it would have been irregular to have filed such plea. No such proceeding is sanc-

tioned or contemplated by the statute. The proceeding was not based upon the bonds, but the question upon which issue was joined was, whether the coupons in question were genuine, tax-receivable coupons, and the bonds were produced merely as evidence to sustain the issue on the part of the plaintiff. If the bonds were genuine, the right of the plaintiff to recover is not denied; but if they were not genuine, and that fact had been established, then the Commonwealth would have been entitled to a verdict and judgment in her favor. The course of examination sought to be pursued by counsel for the defendant was, therefore, legal and proper, and ought to have been permitted.

We are, therefore, of opinion to reverse the judgment, and to remand the case for a new trial.

JUDGMENT REVERSED.