# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## COMMONWEALTH v. DUNLOP.

### December 1st, 1892.

1. STATE BONDS—*Genuineness.*—It is a rule of evidence that the courts of a state take judicial notice of its seals, and of the signatures of the heads of departments. Nor will it be supposed, without proof, that any particular seal is counterfeit or irregularly attached.

2. IDEM—*Burden of proof.*—Under Code, § 412, the burden of disproving the genuineness of the bonds of the state is upon the commonwealth.

3. THE STATE—*Suits—Tax-payer—Rule.*—When the sovereign consents to be sued, the terms and conditions upon which such consent is given must be observed, and the tax-payer, whose tender of coupons is refused, and who brings his suit, must, as required by those conditions, produce at the trial the bonds from which the coupons were cut.

4. IDEM—*Cases compared and distinguished.*—The case of *McGahey* v. *Virginia*, 135 U. S., p. 662, differs from the case at bar, that suit being by the state against the tax-payer, whilst this case is a suit by the tax-payer against the state.

Error to judgment of circuit court of the city of Petersburg, rendered January 4th, 1892, in a suit by David Dunlop against the Commonwealth of Virginia, for the purposes mentioned in Code, § 408, as amended and re-enacted by act of February 22d, 1890, entitled " An act to amend and re-enact § 408 of the Code, in reference to proceedings to try the genuineness of coupons." The judgment being adverse to the commonwealth, it obtained a writ of error to this court. Opinion states the case.

*W. H. Mann* and *Attorney-General R. Taylor Scott*, for the commonwealth.

*Maury & Maury*, for the defendant.

LEWIS, P., delivered the opinion of the court.

This was a proceeding under the statute for the verification of coupons previously tendered by the plaintiff in payment of taxes. At the trial the plaintiff proved, as alleged in the petition, that no part of the taxes for which the coupons were tendered were school taxes or liquor-license taxes. He also introduced a witness, who exhibited for the inspection of the court and jury the bonds from which the coupons had been cut. The witness then testified, without objection, that they were the genuine bonds of the state; that he himself had cut the coupons from them, and that the coupons were genuine. And this was all the evidence in the case.

The bonds, copies of which are exhibited with the record, are regular on their face, purporting to be under the seal of the state, and signed by the treasurer, and countersigned by the second auditor of the state. They all purport to have been issued pursuant to the act of March 30, 1871, commonly known as the "funding bill," except one, which purports to have been issued under the act of March 28, 1879, entitled "An act to provide a plan of settlement of the public debt."

The commonwealth demurred to the evidence, but the court overruled the demurrer, and gave judgment for the plaintiff.

It is contended for the commonwealth, first, that to prove the genuineness of the coupons, it was incumbent on the plaintiff to prove the genuineness of the bonds; and, secondly, that this he has failed to do, because the witness does not say that the signatures to the bonds are genuine, or that he is an expert in matters of handwriting, or that the seal affixed to the bonds is the genuine seal of the state.

The circuit court decided that the seal proved itself, and that, in the absence of evidence to prove that the bonds were spurious, the evidence adduced established the genuineness of the coupons.

We are of opinion that this ruling is correct. It is a rule of evidence, universally recognized, that the courts of a state take judicial notice of its seal and of the signatures of the heads of departments ; nor will it be supposed, without proof, that any particular seal is counterfeit or irregularly impressed. The law assumes that the seal of the state is known to all her judicial officers; and there is nothing in the statute requiring the production of the bonds, in a proceeding like the present, which affects this rule of the common law.

The statute, now carried into section 412 of the Code, simply provides that, upon demand of the party contesting the genuineness of the coupons, the bonds from which they were detached shall be produced by the plaintiff as a condition precedent to his right of recovery. Nothing is said about the burden of proving the genuineness of the bonds being on the plaintiff, or that the seal of the state shall not, as in other cases, prove itself; and, had the legislature intended to alter the rule above mentioned, such intention would surely have been unmistakably expressed.

. This was virtually decided in *Commonwealth* v. *Hurt*, 85 Va. 918. There the question was whether, upon the production of the bonds by the plaintiff, it was competent for. the commonwealth to cross-examine the witnesses as to the genuineness of the signatures to the bonds. The trial court ruled that it was not, unless a plea of *non est factum* should be first filed. But this court reversed that ruling, on the ground that the commonwealth was entitled to show, if she could, without filing such plea, which was not contemplated by the statute, that the bonds were spurious, and thereby to show that the detached coupons were not genuine. It was not suggested, either by counsel or by the court, in that case, that the statute required anything more than the production of the bonds. On the contrary, it was assumed that the burden of proving that the bonds were not genuine was on

the commonwealth. And the statute is the same now, in this particular, as it was when that case was decided.

It is also contended for the defendant in error, the plaintiff below, that the provision of the statute requiring the pro-duction of the bonds to prove the genuineness of the coupons is unconstitutional; and *McGahey* v. *Virginia,* 135 U. S. 662, is relied on for this position. That, however, was a suit by the state against the tax-payer, whilst the present is a suit by the tax-payer against the state; and it is an established principle that, when the sovereign consents to be sued, the terms and conditions upon which such consent is given must be observed. Nor can a party avail himself of the benefit of a statute, and at the same time contest its validity. *Purcell* v. *Conrad,* 84 Va. 557; *Daniels* v. *Tearney,* 102 U. S. 415. A tax-payer, whose tender of coupons is refused, may, un-doubtedly, set up the tender as a defense in any subsequent suit by the state against him for the recovery of the taxes. But if, upon the refusal of the tender, he chooses, as in the present case, to pay in money, and then sues the state to es-tablish the genuineness of the coupons, and to recover back the money so paid, he must conform to the conditions pre-scribed by the statute giving him permission to sue.

For the reasons, however, already stated, and without con-sidering any other question discussed at the bar, the judg-ment must be affirmed.

JUDGMENT AFFIRMED.