ST. PAUL, J.
 

 Act No. 125 of 1908, as amended and re-enacted in toto by Act No. 136 of 1924, p. .227, reads (as to section 5) as follows:
 

 “Section 5. The state board of certified public accountants * * * may,
 
 in its discretion,
 
 register the certificate of any certified public accountant who is the lawful holder of a certified public accountant’s certificate issued under the law of another state, * * * provided that the state issuing the original certificate grants similar privileges to the certified public accountants of this state. * * * ”
 

 There are some minor differences between this section as first enacted in 1908 and as reenacted in 1924, but the language above quoted is identical in both enactments, and is the only part of said section which is pertinent to the issues involved in this case. We have
 
 italicised
 
 the words which give rise to this controversy.
 

 I.
 

 In State v. De Verges, 153 La. 349, 95 So. 805, 27 A. L. R. 1526, we held that the regulations established by the board of certified public accountants must
 
 “unquestionably”
 
 be made applicable alike to all applicants for certificates similarly situated. Otherwise the statute establishing said board would be unconstitutional ; for “a statute or an ordinance which, instead of prescribing a uniform rule of action, undertakes to vest in a public officer or commission the authority to discriminate in favor of or against persons engaged in a legitimate business or occupation or enjoying a common right by granting or. withholding a license or permit or approval, arbitrarily or according to the officer’s or commission’s favoritism or whim, is violative of the equal protection clause of the Fourteenth Amendment [U. S. Constitution].’’ State v. Carter, 159 La. 121, 105 So. 247, and authorities there cited.
 

 II.
 

 Hence the
 
 discretion
 
 granted to the board is not a power to discriminate arbitrarily between individuals similarly situated, but only the right to register or refuse to register, in its discretion,
 
 all or none
 
 of the holders of certificates from some other state; provided, however, that
 
 no
 
 holder of such a certificate may be registered unless the state issuing the same recognizes the certificates issued by this state.
 

 We do not, however, mean to say that the board may not require of
 
 all
 
 such applicants alike such additional qualifications as it may
 
 in its discretion
 
 think proper, and also proof of good moral character. For the right to refuse to register at all necessarily includes the right to register only on compliance with some condition; and,
 
 of course,
 
 the law expects that the board shall require of
 
 all
 
 applicants proof of good moral character (i. e., integrity).
 

 All that we mean is that the board must treat alike
 
 all
 
 applicants similarly situated, and may not arbitrarily discriminate between them.
 

 III.
 

 Relator alleges that he is the lawful holder of a certificate as certified public accountant
 
 *45
 
 issued to Mm by the state of Mississippi;' that the state of Mississippi recognizes and registers similar certificates issued by the state of Louisiana; that he presented his said certificate to the defendant board and made application to it to recognize and register the same; that the' board denied his said application without giving any reason for its said refusal; wherefore he prays that a mandamus issue commanding said board to recognize and register his said certificate.
 

 And the defense set up by the board is that the petition discloses no right or cause of action, which exception the trial judge sustained.
 

 IY.
 

 It may be that the petition is not as full as it might have been made. Thus, relator does not say
 
 tot. verbis
 
 that the defendant board has recognized by resolution, or in practice, the certificates issued by the state of Mississippi. But he does say that the board refused his application “without giving any reason therefor”; and since the fact that certificates issued by Mississippi were not recognized by defendant would have been an obvious and conclusive reason to assign for refusing to register relator’s certificate, it is almost equally obvious that there could have been no such reason. Moreover, defendant is not urging the want of such an allegation as a reason why the petition
 
 discloses
 
 no right of action; but it stands squarely on the proposition that relator
 
 has no right of action
 
 becausé the board may “in its discretion” refuse to register any such certificate for any reason or for no reason at all. And that proposition, as we have said, is unsound.
 

 Y.
 

 Our conclusion is that relator
 
 has
 
 a right of action against the defendant board to compel it to register Ms said certificate; that is, if the conditions be such as we have above indicated and such as the petition, fairly construed, avers them to be.
 

 Decree.
 

 The judgment appealed from is therefore reversed, and it is now ordered that defendant’s exception of “no right or cause of action” be overruled and the case remanded for further proceedings according to law.
 

 O’NIELL, O. J., dissents.