## Richmond

GILBERT DONALD SPINDEL v. JOHN S. JAMISON, ET AL., ETC.

April 28, 1958.

Record No. 4807.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Whittle and Snead, JJ.

The opinion states the case.

*Robert G. Doumar* and *Edward T. Caton, III,* for the appellant.

*Frederick T. Gray, Special Assistant Attorney General (A. S. Harrison, Jr., Attorney General; Thomas M. Miller, Assistant Attorney General,* on brief), for the appellees.

HUDGINS, C. J., delivered the opinion of the court.

[■ This is an appeal from a decree affirming an order of the Virginia State Board for the Examination and Certification of Architects, Professional Engineers and Land Surveyors, hereinafter designated Board, denying the application of Gilbert Donald Spindel, hereinafter designated applicant, for a certificate of resignation as a professional engineer.

The pertinent facts are not in dispute and are as follows: On January 22, 1954, applicant filed with the Board his application for a certificate of registration as a professional engineer. In his application he stated that he was a registered engineer under the laws of the District of Columbia, that he had never passed a written examination and was not registered in any other state. It also appears from the application that since January, 1930, applicant has been practicing engineering in various capacities with numerous employers, including the Western Union Telegraph Company, the United States Navy Yard, Brooklyn, New York, and the United States Army Corps of Engineers which awarded him a meritorious emblem for his engineering work. He has also written and published two books on engineering and designing of homes.

On receipt of his application the Board made inquiries as to the qualifications of the applicant and ascertained that he had been granted a certificate in the District of Columbia under a "grandfather clause," and without examination by, or appearance before, the Board in that jurisdiction. Applicant was notified by the Board that his application had been approved subject to his passing an oral examination, and two dates were fixed for his appearance and examination. On each occasion he asked for a continuance which was granted, extending the application for a period of approximately one year. Subsequent to January 22, 1954, applicant filed a supplemental application in which he stated that he had been registered as a pro-

fessional engineer in South Carolina and Georgia, and held a certificate, number 1790, issued by the National Bureau of Engineering Registration.

On June 3, 1955, the Board wrote applicant a letter stating that he would be given an oral examination at 3:30 p. m., June 23, 1955, Thornton Hall, University of Virginia. In the letter applicant was informed that:

"In taking the oral examination the applicants must appear before the Board and submit documentary evidence substantiating the experience record which he has submitted in his application. Documentary evidence required consists of plans, specifications, designs and other documents which can be clearly identified as the work of the applicant, which will show clearly the nature of the scope of the work, as well as the applicant's degree of responsibility. Letters of recommendation may be submitted at the oral examination. It is the responsibility of the applicant to furnish such evidence for the Board to reach a decision.

"In case documentary evidence furnished is not sufficient, a written examination will be required at a future meeting of the Board. * * * If for any reason you are unable to appear at the scheduled time, please notify this office by return mail. * * * P. S. It is requested that you be prepared to exhibit your ability to make various types of calculations required by a Civil Engineer."

Pursuant to this notice applicant with his attorney appeared before the Board in Charlottesville, but refused to answer any technical questions or to explain the plans and designs he claimed to have made for a simple building in Portsmouth. In the formal hearing held later, a member of the Board stated that applicant "lists practically everything that could be done by a civil engineer, but yet when we had our oral interview he never answered the first technical question, and the exhibits that he brought to explain, to show to us, was a building in Portsmouth, a very simple building, and he couldn't explain how that was designed. * * * In the afternoon he started out answering and never gave a reasonable answer. At night he refused to answer * * *." Thereafter, the Board notified applicant that his failure or refusal to answer questions on oral examination necessitated his taking a written examination which it would give him on December 3, 1955. On his failure to appear or to take the written examination, his application was denied.

Applicant, under the provisions of Code, § 9-6.10, demanded, and

the Board gave him, a formal hearing on his application for registration. At this hearing the evidence heretofore stated was introduced and transcribed. Applicant contended that it was the mandatory duty of the Board, under Code, § 54-35, to issue him a certificate of registration as a professional engineer, without any examination, oral or written, as to his professional ability and qualifications. The Board rejected this contention and entered an order refusing to issue applicant a certificate as a professional engineer. From a decree of the lower court affirming the order of the Board, applicant obtained this appeal.

The decisive question presented is whether the Board is required by Code, § 54-35 to issue applicant a certificate of registration as a professional engineer, on the sole ground that he holds certificates of registration as a professional engineer granted him in other jurisdictions.

Code, § 54-35 provides that: *"The Board may upon application* therefor on prescribed form and the payment of a fee of twenty-five dollars, *issue a certificate of registration* as an architect or *as a professional engineer,* or as a land surveyor, *to any person who holds a like unexpired certificate of registration issued to him by proper authority in the District of Columbia, in any state* or territory of the United States, or in any province of Canada, *in which the requirements for the registration of* architects, *professional engineers* or land surveyors *are of a standard satisfactory to the Board;* provided, however, that reciprocal privileges be granted to citizens of this State." (Italics supplied).

It will be noted that the italicized language of the statute is *prima facie* permissive and not mandatory. In construing statutes, words used should be given their ordinary meaning, unless it is apparent that the legislature intended they should receive a broader or narrower construction. The word "may" should not be construed to mean "must" or "shall," unless the clear intention of the legislature demands it. *Harrison* v. *Wissler,* 98 Va. 597, 36 S. E. 982. However, there are several cases in which the word "may" has been construed to mean "must" or "shall," but this is generally not done unless it is necessary to protect a vested right of the litigant. *Board of Supervisors* v. *Cahoon,* 121 Va. 768, 94 S. E. 340; *Atlantic and Danville R. R.* v. *Peake,* 87 Va. 130, 12 S. E. 348. Reciprocity denotes mutuality, or the relationship existing between states when each gives the citizens of the other certain favors or privileges that its own

citizens enjoy at the hands of the other state. Black's Law Dictionary, (deluxe ed., 1944) p. 1502. An applicant has no vested right to have the Board issue him a certificate of registration merely because such applicant holds a certificate of registration granted him by the proper authority in another jurisdiction.

The Board is required by the provisions of Code, § 54-28 to give any "citizen of the United States or any person," who has the qualifications therein stated, an "examination in such professional subjects as may be prescribed by the Board," in order to determine his practical experience and ability as a professional engineer before issuing him a certificate. In view of the requirements of Code, § 54-28, the Board construed the language of Code, § 54-35, "who holds a like unexpired certificate of registration issued by the proper authority" in other jurisdictions, to mean a certificate granted by such authority after the applicant had passed an examination of a standard satisfactory to the Virginia Board in such professional subjects as would disclose his practical experience and ability as a professional engineer. Any other construction of Code, § 54-35 would permit an applicant holding a certificate in another jurisdiction to obtain a certificate in Virginia without having passed an examination anywhere, and thereby give such an applicant preferential treatment over all other citizens required to have a certificate in Virginia. This is necessarily true since the "grandfather clause" in the original Virginia act (Acts 1920, p. 496, c. 328, § 6, amended, Acts 1938, p. 494, c. 331, § 7) and as codified in Michie's 1942 Code, § 3145g, has expired of its own limitation.

The applicant stated in his application that he had never passed an examination, oral or written, in the District of Columbia or elsewhere. In a letter to the Board from the Board in the District of Columbia it is stated: "We first gave him [applicant] a grandfather clause classification. Then we gave him a better classification, but we denied him a request for registration as an architectual engineer. If this 8B5 classification—see copy of our law—should be given to Mr. Spindel at this time, it would be necessary for him to appear before the Board for a conference. Now that the rush of registrations is over for our Board we are not giving any eminent classifications without a conference, which would possibly be dignified by the term 'oral examination.' "

It appears from the record that applicant obtained a certificate of registration in South Carolina and Georgia on the basis of having ob-

tained a certificate in the District of Columbia and a certificate issued by the National Bureau of Engineering Registration. None of these certificates was issued on the basis of the applicant having passed an oral or written examination on professional subjects.

The provisions of Code, § 54-35 do not require the Board to issue any applicant a certificate of registration as a professional engineer in Virginia where it appears that such applicant has never taken and passed an examination in professional subjects, as stated in Code, § 54-28. Indeed, the Board is not authorized to issue a certificate of registration until it has been satisfied that the applicant has taken and passed such an examination, and any rule adopted by the Board to the contrary is beyond the scope of its authority.

█ In addition to his reliance on Code, § 54-35, applicant contends that under a rule of the Board in effect at the time he filed his application, it was the mandatory duty of the Board to issue him a certificate of registration. The rule to which he refers states that any person who holds a certificate in the general field of engineering issued by the National Bureau of Engineering Registration "will be considered qualified for certification by the Board on the basis of endorsement with another state in which he holds a valid license and which recognizes the Virginia certificate under the same circumstances." On June 21, 1955, the Board amended this rule by eliminating the word "will" and substituting therefor the phrase "may at the discretion of the Board." To accept applicant's contention in this regard would, as indicated above, violate Code, § 54-35.

[█ We find no merit in the applicant's contention that the action of the Board in denying his certification as a professional engineer was arbitrary, capricious and an abuse of discretion. The Board gave applicant every reasonable opportunity to take either an oral or written examination in order that it might ascertain whether he possessed the necessary qualifications to practice his profession in this Commonwealth. He arbitrarily and capriciously refused to avail himself of these opportunities.

█ Applicant contended in the trial court that Code, § 54-35 was unconstitutional. In this Court he has broadened this contention by arguing that Code, § 54-28 is also unconstitutional.

In his petition for a formal hearing and in his appeal to the trial court, applicant only prayed that "he be issued a Certificate of Registration as a professional engineer pursuant to provisions of Section 54-35 of the Code of Virginia, reading as follows: * * *" He then

quotes the statute in full. Obviously, if this statute is invalid his whole case must fall. No litigant will be heard to deny the validity of a statute under which he has chosen to proceed. A litigant "having availed himself of the benefit of the statute, and *in his bill claiming under it,* is estopped in this litigation from contesting its validity, whether it be constitutional or not." *Purcell* v. *Conrad,* 84 Va. 557, 573, 5 S. E. 545. *Roanoke* v. *Berkowitz,* 80 Va. 616; *Commonwealth* v. *Dunlop,* 89 Va. 431, 16 S. E. 273; 11 Am. Jur., Constitutional Law, § 123, pp. 767, 768.

For the reasons stated the decree of the trial court is affirmed.

*Affirmed.*