RAWLS, Chief Judge.
The partners of Price Waterhouse & Co., an accounting firm, filed their individual applications with the State Board of Accountancy seeking the status of certified public accountants in the State of Florida by reciprocity. Each of the applicants takes the position he is entitled to such status as a matter of law by reason of the provisions of Section 473.19, Florida Statutes, F.S.A., which provides:
“The board may, in its discretion, issue a certificate as a certified public accountant to any applicant who holds a valid and unrevoked certificate as a certified public accountant issued by, or under the authority of, another state or political subdivision of the United States, or who holds á valid and unrevoked certificate as a chartered accountant issued by, or under the authority of, a foreign country ; provided, the applicant has complied with the provisions of this chapter and the rules of the board. The board shall not be required to issue any certificate under the provisions of this section unless:
“(1) The original certificate was secured as the result of an examination which in the judgment of the board was the equivalent of the standard established by it, and,
“(2) The applicant has been engaged in the practice of public accountancy in Florida as a full time employee of a certified public accountant, as defined in this chapter, for a period of two years, and is a resident, having resided continuously in the state for a period of two years, and, . .,
*819 "(3) The state or country issuing the original certificate grants similar privileges to persons holding certificates as certified public accountants issued under the laws of this state, and,
“(4) The board is otherwise fully satisfied as to the moral and technical fitness of the applicant.”
The Board denied seven applications on the following grounds, viz.:
1. As to each of the seven applicants upon the ground that they were not residents of the State of Florida.
2. As to six of the several applicants, upon the additional ground that the states wherein they were originally certified did not grant “similar privileges” to Florida C.P.As. as required by Section 473.19(3).
Petitioners by the instant petition for writ of certiorari assert that the Board unlawfully denied the applications in that:
(1) The denial on the ground of non-residency is contrary to law, is in direct conflict with the decisions of the Supreme Court, and is in violation of petitioners’ rights under the constitutions of Florida and of the United States.
(2) The denial of the applications on the ground of lack of similar privileges of reciprocity to Florida accountants is contrary to fact and law, is in conflict with the decision of the Supreme Court and is in violation of petitioners’ rights under the constitutions of Florida and of the United States.
We will first dispose of petitioners’ contentions that the action of the Board is “* * * in violation of petitioners’ rights under the Florida and United States Constitution.” A concise definition of reciprocity is set out in Volume 36, Words and Phrases, Permanent Edition, p. 770, viz.: “ ‘Reciprocity’ denotes mutuality, or the relationship existing between states when each gives citizens of other certain favors or privileges that its own citizens enjoy at hands of other state; and applicant for certificate of registration as professional engineer has no vested right to have board issue him certificate merely because he held certificate of registration granted him by proper authorities in another jurisdiction.”' Also see Spindel v. Jamison (1958), 199 Va. 954, 103 S.E.2d 205, 208. Thus, it is apparent that the - reciprocal certificates as. outlined in the quoted statute are “privileges”, as distinguished from “rights”, which privileges have been authorized by the grace of the sovereign state of Florida. It necessarily follows that the grant of such privileges by the sovereign does not create a constitutional right in the applicants to. practice their profession of accountancy in. the state of. Florida under Chapter 473, Florida Statutes, F.S.A.
We next go to the question of whether the denial of the Petitioners’ applications for reciprocal certificates on the ground of nonresidency is contrary to fact and law. Petitioners take the position that Mercer v. Hemmings,[1] as a matter of law, struck “residence” as a prerequisite for qualifying under the statutory reciprocity provision and concluded that the Board cannot consider such condition in weighing “similar privileges” as set out in the statute-authorizing the granting of reciprocal certificates. Such a contention cannot be sustained. In short, the Board has construed' the reciprocal statute to mean that it authorizes the granting of a certificate to an applicant who was originally certified in another state, if that state would do likewise for a Florida resident who is in a similar situation. If such criterion is not met, the Board is well within its discretionary power to refuse to grant reciprocity, and we find in this record competent evidence to sustain the finding of the Board.
Appellees argue in their brief that the Supreme Court expressly held in Mercer v. Hemmings that petitioners should have a *820 ■“ * * * reasonable opportunity to qualify, xtnder either the reciprocity or examination •provisions of the statute — without regard to residence or clerkships thereof — for registration in this state as certified public accountants.” In all candor, the Mercer opinion seems to point to such a construction; Tiowever, such construction would compel us to hold that the Supreme Court struck down .Subsection 473.19(3), Florida Statutes, F. :S.A., pertaining to “similar privileges” for Florida residents. For example, if we ■should hold, as petitioners insist, that a Missouri accountant shall be admitted under the reciprocal privileges of the statute with-cut regard to residence, we would place such .applicant in a superior position to that of a resident of this State.[2] The practical result of such a holding would require the Board to authorize a Missouri accountant to practice in Florida without ever moving to this state or working in this state, while Florida accountants would be compelled to move to Missouri, or practice there, or join ■a Missouri accounting firm before being •eligible for certification in that state.[3] We •decline to give such application to the decision in Mercer.
Certiorari denied.
CARROLL, DONALD K„ and JOHNSON, JJ., concur.

. Mercer v. Hemmings, 170 So.2d 33 (Fla.1964).

. Other states from which the applicants were originally certified are New Xork, California, Massachusetts, New Jersey and Pennsylvania. Each of these states do provide for reciprocity. Residence or practice within the state are major factors in the granting of reciprocal certificates in each of the states in which the several applicants were originally certified.

. § 326.060, Missouri Revised Statutes, 1959, V.A.M.S., provides: “Individuals who apply for certificates as certified public accountants must, except as otherwise herein provided: (1) Be citizens of the United States; (2) Be over the age of twenty-one years; (3) Be residents of this state or have an office therein for the regular practice of public accountancy, or be an employee of a certified public accountant or a public accountant practicing within this state.”
§ 326.090, Missouri Revised Statutes, 1959, provides: “The board may waive and dispense with the requirement of examination, and issue a certificate as a certified public accountant to any applicant holding a valid and unrevoked certificate as a certified public accountant issued by or under the authority of another state or political subdivision of the United States, provided the applicant has complied with the other qualifications and requirements of applicants under this chapter and the rules of the board, and the original certificate was secured as the result of an examination equivalent, in the judgment of the board, to those set in this state.”