Martin J. BLOOM, Applicant-Appellant,

v.

The MISSOURI BOARD FOR ARCHITECTS, PROFESSIONAL ENGINEERS AND LAND SURVEYORS, Respondent-Respondent.

No. 34067.

St. Louis Court of Appeals, Missouri.

Nov. 23, 1971.

Motion for Rehearing or for Transfer to Supreme Court Denied Jan. 3, 1972.

Ackerman, Schiller & Schwartz, Clayton, for applicant-appellant.

Bialson, Corrigan, Murray & Ebert, St. Louis, for respondent-respondent.

DOERNER, Commissioner.

This is an appeal from a judgment of the Circuit Court of St. Louis County reversing an order of the Administrative Hearing Commission, which order directed the Board, formerly named the State Board

of Registration for Architects and Professional Engineers, Laws of 1969, p. 452, to issue a certificate of registration as an architect to Martin J. Bloom, the applicant. We affirm.

In 1965, the applicant, a registered engineer who was a resident of Missouri, made an application to the authorities in Nebraska for a certificate of registration as an architect. He was permitted to take the written examination given in that state, which he passed, and was granted a Nebraska certificate as an architect in December, 1965. On July 11, 1966, applicant made application to the Missouri Board for a Missouri certificate of registration as an architect, on the basis of reciprocity. After a hearing the Board, on March 13, 1968, denied the applicant's application on the grounds:

"A) Said applicant is not entitled as a matter of right to be registered as an architect in the State of Missouri pursuant to Section 327.100, V.A.M.S.

B) Applicant's educational and experience backgrounds do not qualify him under Sections 327.030 and 327.110 V.A.M.S."

Thereafter the applicant sought a review by the Administrative Hearing Commission of the Board's decision, and a hearing before the Commission was held on June 18, 1968. The Commission held that the Board's " * * * denial of petitioner's application for reciprocal registration was unauthorized by law, in excess of their statutory authority and was arbitrary and capricious." And it ordered the Board to " * * * issue to Martin J. Bloom a certificate of registration authorizing him to legally practice architecture in Missouri."

Within 30 days after the Commission's decision the Board, on December 24, 1968, filed its petition in the Circuit Court seeking a reversal of that decision. The cause came on for hearing on May 19, 1969, and on October 12, 1970, the court entered a judgment reversing the decision of the

Commission and reinstating the order of the Board. On October 21, 1970, applicant filed his motion for a new trial, or in the alternative for judgment in his favor, which the court overruled on November 20, 1970. Applicant's appeal followed.

■■■ The decisive question presented in this appeal is whether the Board is required, as a matter of law, to issue a Missouri certificate of registration as an architect to applicant solely for the reason that applicant was granted such a certificate by Nebraska. In its conclusions of law the Administrative Hearing Commission quoted Section 327.100 and a pertinent portion of Section 327.030. It is obvious that in holding that the Board was " * * * unauthorized by law * * *" to deny applicant's application " * * * for reciprocal registration * * *" the Commission interpreted those sections as making it mandatory upon the Board to issue a Missouri certificate to the applicant merely because Nebraska had issued such a certificate to him. From its judgment it is likewise obvious that the trial court's construction of those statutes was to the contrary.

Section 327.100 reads:

"1. Exchange or reciprocal registration may be granted to any registered architect or registered professional engineer of another state, territory or possession of the United States or of any country, on the same terms and under the same conditions as the officer or officers of such other state, territory, possession or country, authorized by law to register architects and professional engineers, will grant exchange or reciprocal registration to a resident architect or professional engineer registered by the board; provided, the qualifications and experience of the applicant, as shown by the certificate of the registering authority of such other state, territory, possession or country, are equivalent to the requirements for initial registration in this state.

"2. The board is hereby authorized to negotiate and effect arrangements with

the appropriate officers of other states, territories, possessions and countries, to facilitate such exchange or reciprocal registration."

The pertinent part of Section 327.030 provides:

"1. Any citizen of the United States of America, Alaska, Hawaii or Puerto Rico, over the age of twenty-one years and of good moral character, shall be registered by the board, on recommendation of its architectural division and payment of the fee required by law, if he shall claim in his application to be, and show to the satisfaction of the architectural division that he is, qualified for such registration under any of the following subdivisions of this subsection:

\* \* \* \* \* \*

"(3) That he is qualified for registration under any rule of comity or reciprocity on the filing of the official certificate of another state registration authority showing that he is qualified for registration under any such rule."

By Section 327.010 the General Assembly declared the purpose and intent of Chapter 327 to be as follows:

"In the enactment of this chapter it is hereby declared to be the intent and purpose of the general assembly to protect the inhabitants of this state in the enjoyment of life, health, peace, and safety, and to protect their property from damage or destruction through dangerous, dishonest, incompetent or unlawful architectural or professional engineering practice, and generally to conserve the public welfare."

Underlying the purpose and intent of Chapter 327 is the principle that engaging in the practice of architecture, as in the practice of law. State ex rel. McKittrick v. C. S. Dudley & Co., Inc., 340 Mo. 852, 102 S.W. 2d 895, is a matter of privilege to be afforded only to those determined to be qualified, and not a matter of right. Accordingly, it follows that to prevail the applicant must point to some portion of the chapter which clearly entitles him as a matter of law to be issued a Missouri certificate merely because he obtained one in Nebraska.

We find no such mandatory provision in Section 327.100. The first paragraph of that section provides that the Board "may" issue a certificate on the basis of reciprocity. It has long been the rule that the word "may" in a statute, unless the contrary is otherwise indicated therein, is generally held to be permissive, not mandatory. State ex inf. McKittrick v. Wymore, 343 Mo. 98, 119 S.W.2d 941; State v. Paul, Mo.App., 437 S.W.2d 98. No such contrary intent of the Legislature is indicated. In the instant case to construe "may" as "shall" would be contrary to the stated purpose and intent of the Act. In similar acts the word "may" has been held to be permissive, and not mandatory. Spindel v. Jamison, 199 Va. 954, 103 S.E.2d 205; Bevis v. Eastland, Fla.App., 186 So.2d 818; State ex rel. Thoman v. State Board of Certified Public Accountants, 164 La. 42, 113 So. 757.

The words "exchange or reciprocal registration" as used in our act denotes mutuality, or the relationship existing between states when each gives citizens of the other certain favors or privileges that its own citizens enjoy at the hands of the other state. Spindel v. Jamison, supra; O'Dell v. Ohio State Medical Board, 22 Ohio Misc. 138, 259 N.E.2d 167; Mercer v. Hemmings, Fla., 194 So.2d 579. That meaning of the words "reciprocal registration" is borne out by the second paragraph of Section 327.100. By that paragraph the Board is authorized and empowered to negotiate and effect arrangements with other states for reciprocal registration. There is not an iota of evidence in the record that the Board ever discussed, much less entered in to, an arrangement or agreement for the reciprocal registration of architects between the states of Missouri and Nebraska, or any other state. All of the evidence, in fact, is to the contrary. Nor was there any evidence that Nebraska admitted Missouri residents as a matter of right. In the absence of any

arrangement or agreement of mutuality of registration there could be no reciprocity.

 Applicant makes much of the fact that in certain instances the Board has granted certificates to architects registered in Nebraska without requiring them to take the written examination in Missouri. Applicant ignores the fact that in other instances the Board refused to grant such certificates. As the members of the Board pointed out, such certificates were granted on an individual basis and only after the Board had satisfied itself that the Nebraska registrant met the educational, experience, and moral standards prescribed in the act for Missouri applicants. That is precisely what the Board did in this case. Such an act falls within the realm of comity, not reciprocity. Comity, in a legal sense, is the granting of a privilege, not of right, but of grace. Cox v. Terminal Railroad Ass'n of St. Louis, 331 Mo. 910, 55 S.W.2d 685; Morris Plan Co. of Kansas v. Jenkins, Mo.App., 216 S.W.2d 160; Elliott v. Johnston, 365 Mo. 881, 292 S.W.2d 589. As an example of comity, our courts may permit an outstate lawyer, as a matter of courtesy, to try an individual case before them, but if such a lawyer licensed in another state moved to Missouri and sought to practice law here he would be required to obtain a Missouri license, by reciprocity or examination. O'Dell v. Ohio State Medical Board, 22 Ohio Misc. 138, 259 N.E.2d 167.

Applicant points to the word "shall" in paragraph 1 of Section 327.030, and argues that subparagraph (3) makes it mandatory upon the Board to issue him a certificate on the basis of reciprocity. That subparagraph must be construed in the light of the second paragraph of Section 327.100. The words " * * * qualified for registration under any rule of comity or reciprocity * * *" in subparagraph (3) of Section 327.030 obviously refer to an agreement or arrangement for reciprocity which the Board is authorized to make by paragraph 2 of Section 327.100. We construe that subparagraph to mean that if the Board enters into such agreement or arrangement with any other state it is then mandatory upon it to grant reciprocity. But as the evidence showed, there was no arrangement or agreement for reciprocity in the instant case.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment affirmed.

BRADY, P. J., DOWD, J., and BLOOM, Special Judge, concurs.