581 P.2d 1139

The **ARIZONA STATE BOARD OF ACCOUNTANCY, an administrative agency of the State of Arizona by Robert O. Baker, William G. Farrow, T. R. Pickett, D. Jay Ryan and Mike Marusich, Board Members, Appellant,**

v.

**Keith L. COLE, Applicant for a Certificate of Certified Public Accountant by Reciprocity, Appellee.**

No. 13567.

Supreme Court of Arizona,
In Banc.

July 19, 1978.

490

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen., Gary L. Sheets, Asst. Atty. Gen., Phoenix, for appellant.

McGillicuddy & Rich by Joseph T. Rich, Jr., Phoenix, for appellee.

GORDON, Justice:

Appellee established his residence in the State of Arizona in 1967 and has, since, continuously resided in this state. Soon after moving to Phoenix, appellee decided that he would like to practice as a Certified Public Accountant in Arizona.

The qualifications required of an applicant for a C.P.A. certificate are set forth in A.R.S. § 32–721:[1]

"A. A certificate of certified public accountant shall be issued by the board to any person who:

"1. Has attained the age of eighteen years, is of good moral character, and who is a resident of this state.

"2. Has not been convicted of a violation of this chapter.

"3. Has met the requirements to take the examination provided in § 32–723.

"4. Has, within a period of time specified in the rules of the board, obtained a grade of seventy-five per cent in each subject of the examination for certified public accountant in this state, or in any state, territory or possession, which uses the questions and grading facilities of the American institute of certified public accountants.

"5. Has been employed as a full-time staff accountant, either before or after passing the examination for certified public accountant, for a minimum period of two years in the office of a certified public accountant or public accountant, within private industry or a government agency, which employment shall have exposed the applicant to and provided him with experience in the practice of accounting, including examinations of financial statements and reporting thereon, or has completed one year of the experience as set forth herein and holds a master's or more advanced degree in accounting or business administration from a college or university recognized by the board, provided that the academic transcript showing completion of the degree program shall include a minimum of thirty semester hours in accounting, business administration, economics and such related subjects as the board shall determine to be appropriate, of which a minimum of twelve semester hours of credit shall be in graduate-level accounting courses."

For purposes of this discussion, A.R.S. § 32–723, incorporated as a licensing condition by § 32–721 A(3) above, requires, as a prerequisite to taking the examination, that an applicant possess a college degree within 90 days after the examination provided for by § 32–721 A(4).

At the time appellee decided to become a C.P.A., he met the requirements of subsections (1), (2) and (5) of A.R.S. § 32–721 A. However, he did not possess a college degree. Throughout the late 1960's and early 1970's, the State of California apparently did not require either residency or college

---

1. The requirements of A.R.S. § 32–721 that are relevant to the discussion in this opinion were substantially the same in the late 1960's when appellee was first considering applying for a certificate.

education of applicants for a C.P.A. certificate. Since appellee was not qualified to obtain a certificate under A.R.S. § 32–721, he decided to take advantage of what he perceived was a loophole in the licensing scheme by applying for a C.P.A. certificate from the State of California, and, if successful in obtaining one, applying for an Arizona certificate under the statutory reciprocity provision. A.R.S. § 32–727 A provides:

"Certified public accountant or public accountant; reciprocity; qualifications

"A. The board may waive the examination of and may issue a certificate of certified public accountant or public accountant to any person who is the holder of a valid and unrevoked certificate, from the state or foreign country of original issue, as a certified public accountant or public accountant issued by a state or foreign country which extends the same privilege of reciprocity to certified public accountants or public accountants of this state, provided that the applicant meets the requirements set forth in § 32–721, subsection A, paragraphs 1, 2 and 5."

While an applicant for a certificate by reciprocity must meet the requirements of subsections 1, 2 and 5 of A.R.S. § 32–721 A, it is crucial to note that the reciprocity provision does not require that an applicant meet the educational standards of A.R.S. § 32–723.

As does Arizona, California utilizes the uniform C.P.A. examination prepared by the American Institute of Certified Public Accountants to test its applicants. Furthermore, California apparently permits its applicants to take this uniform examination in another state and have the tests forwarded to California for grading. Appellee sat for the examination four times between May, 1970 and May, 1973, passing one portion of the examination each time. Although he traveled to California to take the first examination, he sat for the following three examinations in Phoenix, taking the test along with Arizona applicants.

After successfully passing the last portion of the examination, appellee applied for a C.P.A. certificate from the State of California, which certificate was issued to him in February, 1974. Armed with this foreign certificate, appellee, on May 29, 1975 filed with the Arizona Board of Accountancy an application for a certificate by reciprocity. The Board denied the application stating that while appellee met all the conditions imposed by A.R.S. § 32–727, he did not meet the educational requirement of the Board's Rule 4–1–42 which states,

"A certificate of certified public accountant or public accountant shall be granted by reciprocity provided the applicant possesses a certificate from another state or foreign country as provided in A.R.S. § 32–727, meets the requirements set forth in A.R.S. § 32–721 A, 1, 2 and 5, and the educational requirements existing in Arizona at the time the applicant was issued the certificate upon which reciprocity is requested, and complies with the provisions of this rule."

After conducting a hearing to reconsider appellee's application, the Board, on December 15, 1975, again voted to deny the application.

Appellee appealed the Board's decision to the Superior Court under the provisions of the Administrative Review Act, A.R.S. § 12–901 et seq. The Superior Court held that the educational requirement of Rule R–4–1–42 was invalid and that the action of the Board in denying the application was arbitrary and capricious. The court further ordered the Board to issue a C.P.A. certificate to appellee. We have taken jurisdiction of the Board's appeal pursuant to Rule 47(e)(5) Rules of the Supreme Court.

We need not discuss at this time the question whether the Board of Accountancy is authorized to require a college degree of an applicant for a certificate by reciprocity as a condition of issuing such a certificate because we are of the opinion that, for other reasons, appellee is not a bona fide reciprocity applicant and that the Legislature did not intend the provisions of A.R.S. § 32–727 to be at all applicable to a person in his position.

■ The function of a reciprocity provision in a professional licensing scheme is to facilitate the licensing of persons already admitted to practice the particular profession in a foreign jurisdiction by eliminating certain qualification requirements of those applicants. As was stated in *Spindel v. Jamison*, 199 Va. 954, 103 S.E.2d 205, 208 (1958):

"Reciprocity denotes mutuality, or the relationship existing between states when each gives the citizens of the other certain favors or privileges that its own citizens enjoy at the hands of the other state." *See also*, Black's Law Dictionary, 1435 (4th Ed. 1957); *Bevis v. Eastland*, 186 So.2d 818 (Fla.App. 1966); *Clostermann v. Schmidt*, 215 Or. 55, 332 P.2d 1036 (1958).

■ It is crucial to note that the principle of comity embodied by such reciprocity provisions is not that *licenses* issued by another state should be recognized in Arizona, but rather that *citizens* of another state who are professionally licensed in that state should in certain circumstances be granted licensing advantages in Arizona. To permit an Arizona citizen to parlay the license of a state in which he has never resided into an Arizona license under the guise of "reciprocity" would completely distort the meaning of that concept.

■ Furthermore, a judicial construction of A.R.S. § 32–727 A recognizing the legitimacy of the scheme attempted here would frustrate the legislative intent that applicants generally meet all the conditions of A.R.S. § 32–721. By encouraging Arizona residents without college degrees to search out states having neither education nor residency requirements of its C.P.A.'s and obtain an Arizona license by the circuitous route attempted here, such a construction could potentially have the effect of totally abrogating the education requirement of A.R.S. § 32–721.

In conclusion, we hold today only that an application for certificate by reciprocity under A.R.S. § 32–727 may not be supported by the applicant's possession of a C.P.A. certificate from a state in which he has never been a resident. The Superior Court's order that the Board issue a certificate to appellee is reversed. The case is remanded to the Superior Court with directions to transfer the case to the Board of Accountancy for further proceedings not inconsistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.