Dear Senator Snowden:
This is in response to your request for an official opinion on the following questions:
 1. Must a bank or trust company authorized to do a trust business be authorized to do a trust business in Missouri as a condition precedent to certifying pursuant to section 4 of Rev. Stat. Mo. § 443.050 that a promissory note (or other instrument evidencing a debt) is the instrument or one of the instruments described in the deed of trust, mortgage or other instrument securing such promissory note (or other instrument evidencing a debt); and
 2. If a mortgage, deed of trust or other instrument intended to create a lien upon real estate to secure the payment of a debt or other obligation evidenced by an instrument or instruments in writing contains a provision in substantially the following form:
 "No promissory note (or other instrument evidencing a debt or other obligation intended to be secured hereby) shall be valid unless certified by a bank or trust company authorized to do a trust business to be the instrument or one of the instruments described in this deed of trust."
 must a recorder of deeds in the State of Missouri if such mortgage, deed of trust or other instrument is in proper form for recording, record such mortgage, deed of trust or other instrument without requiring as a condition precedent to the recording of such mortgage, deed of trust or other instrument the presentment to such recorder of deeds of either:
 (i) the note or other instrument or instruments representing the debt or obligation or any part thereof secured by such mortgage, deed of trust or other instrument; or
 (ii) an executed copy of the certification by a bank or trust company in accordance with Section 4 of Rev. Stat. Mo. § 443.050, the form of such certification or any other evidence that the note or other instrument or instruments evidencing the debt or obligation or any part thereof have in fact or will be so certified.
Section 443.050, RSMo 1978,[1] provides in pertinent part:
 1. In all cities in this state which now have or may hereafter have six hundred thousand inhabitants or more, and in all counties of class one and two, when any mortgage or deed of trust or other instrument intended to create a lien upon real estate to secure the payment of a debt or obligation evidenced by an instrument or instruments in writing, shall be filed for record, the instrument or instruments representing the principal of such debt or obligation or any part thereof shall be presented to the recorder of deeds at the time of such filing for record, or in the case the mortgage or deed of trust or other instrument is to be filed in more than one county, then to the recorder of the county where first filed, and the recorder shall, for the compensation of twenty-five cents for each of the first four of such instruments identified by him and ten cents for each additional instrument identified by him, stamp or write upon each such instrument evidencing principal so secured an identification thereof as being a note, bond or other evidence of debt described by such mortgage, deed of trust or other instrument of security.
. . . .
 4. Nothing herein shall be construed to apply to any mortgage or deed of trust or other instrument intended to create a lien upon real estate to secure the payment of a debt or obligation evidenced by an instrument or instruments in writing executed by railroad corporations, telephone corporations, or other public service corporations subjected to regulation or supervision as to the issuance of securities by a public commission, board, or officer of the government of the United States or of any state or territory thereof; nor to other instruments in writing which, by the terms thereof or by the terms of such indenture, shall not be valid unless certified by a bank or trust company authorized to do a trust business to be the instrument, or one of the instruments, described in such indenture. [Emphasis added and revisor's note omitted.]
In answer to your first question, in 1963 the General Assembly eliminated language in subsection 4 of Section 443.050, RSMo Supp. 1961, which required that the certifying bank or trust company be authorized to do a trust business in the State of Missouri. H.B. 428, 1963 Mo. Laws 647. The current version of the statute contains no such requirement, and, therefore, the certification described in Section 443.050.4 may be performed by any bank or trust company authorized to do a trust business at the place where the certification occurs.
Your second question asks whether, given certain language in a mortgage instrument, a recorder of deeds must record such an instrument without requiring the presentation of either the debt instrument itself or a copy of a certification by a bank or trust company in accordance with subsection 4 of the statute or some other evidence that the debt instrument is or will be certified. The answer to this question depends upon the effect of the exclusion contained in subsection 4 of the statute. In examining the effect of a single provision, the entire act must be considered together and harmonized, if possible. City of Willow Springs v. Missouri State Librarian, 596 S.W.2d 441 (Mo. banc 1980). Section 443.050 as a whole creates a condition precedent to the filing of certain mortgage instruments; namely, if the mortgage instrument secures an obligation evidenced by a written debt instrument, the debt instrument itself must be presented for identification at the time the mortgage instrument is recorded. Subsection 4 of the statute frees certain instruments from the requirement of presentment. The first group consists of mortgages which secure debt instruments executed by public service corporations, the issuance of the securities of which are regulated or supervised by a federal or state body. The second group consists of written instruments which by their own terms or "by the terms of such indenture" state that they are not valid without proper certification.
The purpose and object of a statute being construed must always be considered. State v. Kraus, 530 S.W.2d 684 (Mo. banc 1975). As a whole, Section 443.050 was intended to assure the validity of recorded mortgages by requiring the identification of the secured debt. The general principal has been stated in the following words:
 In order to render a mortgage valid as a lien on the land conveyed, as against third persons claiming interests, and to make it enforceable by foreclosure, it is necessary that it contain a description or identification of the debt or liability intended to be secured by the mortgage.
 . . . a reference to the subject matter secured is sufficient if thereby a means is afforded of ascertaining what the encumbrance really is. . . . [59 C.J.S. Mortgages Section 112 (1949) (footnotes omitted)].
Certain types of instruments, however, do not require strict identification procedures. The two exceptions which appear in subsection 4 are of this type. First, certain entities, because they are regulated by various public bodies as to the issuance of securities, are allowed to record mortgage instruments without presenting the related debt instruments for identification. Likewise, in the exception to be examined in this opinion, certain instruments incorporate language which allows for certainty and security, namely, those instruments which either on their face or on the face of the indenture contain the warning that related debt instruments are not valid unless certified. Such a warning provides enough certainty to justify allowing the mortgage instrument to be recorded without requiring the presentation and identification of the related debt instruments.
When these types of instruments are removed from the operation of the presentation requirement of Section 443.050, the preceding section which sets out the general procedure for identification of debt instruments controls. Section 443.040.1 states in pertinent part that:
 Hereafter when any mortgage or deed of trust or other lien to secure the payment of any specific obligation is created on real estate by an instrument to be filed in the office of the recorder of deeds to secure the payment of notes or bonds or other obligations in writing, the instrument evidencing such debt or debts or obligations so secured may be presented to the recorder at the time of filing for record such mortgage or deed of trust or instrument in writing, and the recorder shall, for the compensation of twenty-five cents for each instrument so filed (exclusive of the coupons thereon), stamp or write upon such note, or other promissory evidence of debt so secured, an identification thereof as being the note or other evidence of debt described by such security instrument. [Emphasis added.]
Section 443.040.1 states that instruments evidencing debts "may" be presented to the recorder when the mortgage instruments are recorded. Unless the contrary is indicated, the term "may" in a statute is interpreted to be permissive and not mandatory. Bloom v. Missouri Board for Architects, Professional Engineers and Land Surveyors, 474 S.W.2d 861 (Mo.App., St. L. 1971). Thus, when the mandatory presentation requirements of Section 443.050 are eliminated by the exclusions contained in subsection 4, the permissive presentation language in Section 443.040 makes presentation optional.
Therefore, if either the instrument itself or the related indenture contains the necessary language to bring the instrument or indenture within the scope of the exclusion in subsection 4, the recorder of deeds is without authority to impose the mandatory identification requirements contained in Section 443.050 or any other requirements which are not contained in the statutes. Such presentment is optional under Section 443.040. This office is of the opinion that the language quoted in your question, if appearing on the instrument to be recorded, does contain the necessary language to make the exclusion in subsection 4 of Section 443.050 applicable.
CONCLUSION
It is the opinion of this office that:
(1) A bank or trust company authorized to do a trust business need not be authorized to do a trust business in Missouri as a condition precedent to certifying pursuant to subsection 4 of Section 443.050, RSMo 1978, that a promissory note (or other instrument evidencing a debt) is the instrument or one of the instruments described in the deed of trust, mortgage, or other instrument securing such promissory note (or other instrument evidencing a debt), so long as the bank or trust company is authorized to do a trust business at the place where the certification occurs; and
(2) if a mortgage, deed of trust, or other instrument intended to create a lien upon real estate to secure the payment of a debt or other obligation evidenced by an instrument or other instruments in writing is in proper form for recording and contains a provision in substantially the following form:
 No promissory note (or other instrument evidencing a debt or other obligation) intended to be secured hereby shall be valid unless certified by a bank or trust company authorized to do a trust business to be the instrument or one of the instruments described in this deed of trust.
then a recorder of deeds in the State of Missouri may not require as a condition precedent to the recording of such mortgage, deed of trust, or other instrument either the presentment of:
(i) the note or other instrument or instruments representing the debt or obligation or any part thereof secured by such mortgage, deed of trust or other instrument; or
(ii) an executed copy of the certification by a bank or trust company in accordance with Section 443.050.4, RSMo 1978, the form of such certification or any other evidence that the note or other instrument or instruments evidencing the debt or obligation or any part thereof have in fact or will be so certified.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John Landwehr.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] All statutory references are to RSMo 1978, unless otherwise indicated.