# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

ALDO MARIO LOVISI v. COMMONWEALTH OF VIRGINIA.

April 24, 1972.

Record No. 7848.

Present, All the Justices.

*Theodore A. Boyce (Gerald Rubinger; Parker, Rubinger & Jacobson,* on brief), for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Aldo Mario Lovisi appeals from a judgment order entered upon a jury verdict finding him guilty of a violation of Va. Code Ann. § 40-112 (Repl. Vol. 1953) and imposing a sentence of twelve months in jail and payment of a $1,000 fine.

We are first concerned with the question whether § 40-112 is applicable to Lovisi under the facts of this case. The statute, now Va. Code Ann. § 40.1-103 (1970), reads as follows:

> *"Cruelty and injuries to children.*—It shall be unlawful for any person employing or having the custody of any child willfully or negligently to cause or permit the life of such child to be endangered or the health of such child to be injured, or willfully or negligently to cause or permit such child to be placed in a situation that its life, health or morals may be endangered, or to cause or permit such child to be overworked, tortured, tormented, mutilated, or cruelly beaten or cruelly treated. Any person violating this section shall be guilty of a misdemeanor."

Lovisi was charged with violating § 40-112 as to Eugenia Acree, twelve years of age, who was his stepdaughter.

At the trial Eugenia testified that on or about March 31, 1969, at Lovisi's request, she used his Polaroid camera to take photographs of certain sexual acts, some perverted, between her mother, Lovisi and another man. Eugenia further testified that she and her sister, Carolyn Acree, had witnessed and, at Lovisi's direction, photographed similar acts performed by the same three persons on other occasions. Carolyn, thirteen at the time of trial, corroborated this testimony. Photographs, identified by the sisters and introduced in evidence, reveal unspeakably depraved conduct on the part of the three adults.

The record shows that the mother received custody of the Acree girls when she and their father were divorced; that she married Lovisi in 1968; that Lovisi never adopted the children but provided food, shelter and clothing for them after they came to make their home with him; and that Lovisi was very strict with Eugenia and Carolyn and was disliked by them.

Lovisi did not testify. His wife, testifying in his defense, denied that her daughters had seen or photographed the acts of debauchery in which she, Lovisi and their friend had engaged and asserted that the photographs had been taken with a self-timer.

Lovisi contends that § 40-112, under which he was convicted, is inapplicable to him because there was no evidence that he either employed or had custody of Eugenia Acree. We agree that there was no evidence that Lovisi employed the child. However, there was sufficient evidence that he had custody of Eugenia within the meaning of the statute to submit that issue to the jury.

This statute, while enacted and codified as part of the Child Labor Law, has been classified as a "cruelty to children statute" which extends not only to employers but also to parents and those standing *in loco parentis* who have permanent or temporary custody of children. Paulsen, *The Legal Framework for Child Protection*, 66 Colum. L. Rev. 679, 682-83 (1966).

Lovisi is entitled to the benefit of a strict construction of § 40-112, which is a criminal statute. *Johnson* v. *Commonwealth*, 211 Va. 815, 819, 180 S.E.2d 661, 664 (1971). But words are to be given their ordinary meaning unless it is apparent that the legislative intent is otherwise. *Spindel* v. *Jamison*, 199 Va. 954, 957, 103 S.E.2d 205, 208 (1958). Where the statutory language is clear we will not look for ambiguities to resolve. *Anderson* v. *Commonwealth*, 182 Va. 560, 565-66, 29 S.E.2d 838, 840-41 (1944).

The word "custody" has been defined generally as "[t]he care and keeping of anything". *Black's Law Dictionary* 460 (4th ed. 1951). In its language § 40-112 is unambiguous, justifying no limitation of the meaning of "custody" to legal custody. To give it such a restrictive definition would eliminate, among others, teachers, athletic instructors and baby-sitters, all of whom might have temporary custody of children, from the purview of the statute. Moreover, the language of Va. Code Ann. § 40-96.1 (Cum. Supp. 1968), now Va. Code Ann. § 40.1-79 (1970), implies that § 40-112 is applicable to a person standing *in loco parentis*. We conclude that the custody provision in the statute is not restricted in application to those having legal custody of children and that it was a jury question whether Lovisi, as her stepfather, had custody of Eugenia. *See Doughty* v. *Thornton*, 151 Va. 785, 792, 145 S.E. 249, 251 (1928).

Instruction Number One, however, which the trial court granted over Lovisi's objection, permitted the jury to convict Lovisi if they found from the evidence beyond a reasonable doubt that he either employed or had the custody of Eugenia. As there was no evidence that Eugenia was employed by Lovisi, the giving of this instruction was prejudicial error requiring reversal of his conviction.

The trial court in effect ruled that the word "employing" in § 40-112 was synonymous with "using". Based upon evidence that Lovisi had used Eugenia to take the photographs, Instruction Number One was given to the jury, worded in the disjunctive language of the statute. While the term "employing" in the abstract

might be construed to cover the taking of the photographs by Eugenia, such a construction cannot be justified in light of the definitions of "employer" and "employee" found elsewhere in Title 40.

Va. Code Ann. § 40-1.1 (Cum. Supp. 1968), now Va. Code Ann. § 40.1-2 (1970) provides that:

> "As used in this title, unless the context clearly requires otherwise, the following terms have the following meanings:
>
> *     *     *
>
> "(3) *'Employer'* means an individual . . . doing business in or operating within the State who employs another to work for wages, salaries, or on commission.
>
> "(4) *'Employee'* means any person who, in consideration of wages, salaries or commissions, may be permitted, required or directed by any employer to engage in any employment directly or indirectly."

These definitions indicate strongly that the statutes included within the Child Labor Law are directed toward employment for compensation. The broader construction placed upon the word "employing" in § 40-112 by the trial court and argued by the Attorney General, not being clearly required by the context, is inconsistent with this expression of legislative intent. Hence the language referring to employment of Eugenia by Lovisi should have been deleted from the instruction, which should have referred only to those portions of the statute for which there was supporting evidence.

As this case may be tried again, we also note that Instruction 6-A, tendered by Lovisi, was properly refused by the trial court. This instruction would have told the jury that "custody" required an "award of care and control" of the child, a definition which, in light of the views heretofore expressed, we reject as overly restrictive.

The judgment is reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*