## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Jerry D. Matthews

May 26, 1994

Case No. (Criminal) 83255

BY JUDGE ARTHUR B. VIEREGG, JR.

On September 16, 1993, at approximately 11:30 p.m., Virginia State Trooper M. A. McClanahan arrested the defendant, Jerry D. Matthews for driving while intoxicated. This case came to trial before this Court on May 19, 1992. In the course of the Commonwealth's case, Matthews objected to the introduction of a Certificate of Analysis, which reflected that Matthews' blood alcohol content was .24% by volume on the evening of his arrest. The Court took this objection under advisement. At the conclusion of the Commonwealth's case, the defendant, Jerry D. Matthews, moved to strike the Commonwealth's evidence on various grounds, most of which related to the admissibility of the Certificate of Analysis, Commonwealth Exhibit 2. The Court also took that motion under advisement. Matthews then rested his case. The Court then advised the parties that it would take the case under advisement. The Court is now prepared to rule on the question of the admissibility of Exhibit 2, to decide the defendant's motion to strike the Commonwealth's evidence, and to decide the case.

I. *The Admissibility of the Certificate of Analysis*

Matthews made numerous objections with respect to the admissibility of Exhibit 2. These and other objections were then advanced in support of

his motion to strike the Commonwealth's evidence.[1] For example, he contended that the arresting officer failed to verify that the technician taking blood from him had used appropriate substances to cleanse the portion of his body where blood was extracted in accordance with § 18.2-268.5; that she had used properly sterilized or sterile instruments in accordance with § 18.2-268.5; that the blood had been placed in vials provided by the Division of Forensic Services in accordance with § 18.2-268.6; that the technician had properly sealed the vials in accordance with § 18.2-268.6. Matthews further argued that the arresting State Trooper had not delivered one of the samples to "the chief police officer" in accordance with § 18.2-268.6. Matthews also argued that the certificate was inadmissible, because the Commonwealth failed to prove that the person signing the Certificate of Analysis was a designee of the Director of the Division of Forensic Sciences as required by § 18.2-286.

By virtue of § 18.2-268.11, however, each of the putative shortcomings in the Commonwealth's case, at best, amount to procedural irregularities. In the absence of a showing of prejudice, these irregularities only affect the weight of all the evidence to be considered by the Court. § 18.2-268.11.

The undisputed evidence at trial, however, also reflected that Trooper McClanahan neglected to give Matthews a copy of the Division of Motor Vehicles form advising him of his right to have one of the vials containing blood taken from his person sent to and analyzed by an independent testing facility in accordance with § 18.2-268.6. The applicable portion of § 18.2-268.6 reads as follows:

> Immediately after taking possession of the second container, the officer shall give to the accused a form provided by the Division which sets forth the procedure to obtain an independent analysis of the blood in the second container, and a list of names and addresses of laboratories approved by the Division. The form shall contain a space for the accused or his counsel to direct the officer possessing the second container to forward it to an approved laboratory for analysis, if desired. If the accused directs the officer in writing on the form to forward the second con-

---

[1] Matthews also argued that Trooper McClanahan had insufficient cause to form an articulable suspicion that Matthews had violated § 18.2-266. The Court overruled his motion on that ground at trial.

tainer to an approved laboratory of the accused's choice, the officer shall do so.

At trial, Trooper McClanahan testified that he had verbally informed Matthews of his right to have the blood sample tested by an independent facility but that Matthews had waived that right, an election duly noted by the magistrate on a copy of the form. Commonwealth Exhibit 3. It is not disputed, however, that Trooper McClanahan failed to provide Matthews with a copy of the Division form as required by § 18.2-268.6.

At trial, the Commonwealth's Attorney argued that the Trooper's duty to provide Matthews with a copy of the Division form advising him of his right to have his blood inspected by an independent laboratory was procedural; and that Matthews had made no showing that the Trooper's failure to furnish him the Division form had prejudiced him.

Section 18.2-268.11, relied upon by the Commonwealth, provides as follows:

> The steps set forth in §§ 18.2-268.2 through 18.2-268.9 *relating to taking, handling, identifying, and disposing of blood or breath samples* are procedural and not substantive. Substantial compliance shall be sufficient. Failure to comply with any steps or portions thereof, or a variance in the results of the two blood tests shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, and that as a result his rights were prejudiced.

(Emphasis added.)

The Court finds the dispositive question to be whether the delivery of the Division form falls within the parameters of § 18.2-268.11. In other words, is the delivery of the Division form informing a person arrested of drunk driving a step "relating to taking, handling, identifying, and disposing of blood or breath samples?" In construing the language in § 18.2-268.11, the Court must interpret those words in light of the meaning usually accorded them, unless a different meaning is expressed or necessarily implied. *Lovisi v. Commonwealth*, 212 Va. 848, 850, *cert. denied* 97 S. Ct. 2469 (1972); *Stein v. Commonwealth*, 12 Va. App. 65, 69 (1991). When such a test is employed, it is clear that the delivery of the form does not fall within the quoted language which describes physical actions taken

with respect to the blood samples.[2] Accordingly, the Court finds that the required delivery of the Division form is not a step as to which only "substantial compliance" is necessary. Since this is a criminal statute, and is unaffected by the "substantial compliance" provisions of § 18.2-268.11, it is strictly construed against the Commonwealth. *Turner*, 226 Va. at 459. The Commonwealth, therefore, was bound to strictly adhere to the requirements of § 18.2-268.6 requiring the delivery of the Division form relating to independent blood sample testing. Trooper McClanahan's failure to deliver the form to Matthews precludes the Court from considering Commonwealth's Exhibit 2, the Certificate of Analysis.

Moreover, irrespective of the applicability of § 18.2-268.11, the Court additionally finds that the Trooper McClanahan's verbal summary of Matthews' right to obtain an independent analysis of his blood does not constitute "substantial compliance" of the statute's requirements. It is clear from the language of the statute, that the General Assembly intended (i) that one arrested for driving while intoxicated be promptly advised of his right to obtain an independent analysis of his blood; (ii) that the arrestee be afforded 72 hours to elect whether or not to obtain such an independent analysis; and (iii) that the arrestee be furnished a list of laboratories where the analysis might be performed. Evidence introduced by the Commonwealth suggests that Matthews was intoxicated during the taking of his blood, so much so that he was disorderly and had to be restrained. Under such circumstances, the Trooper could not have reasonably concluded that Matthews was capable of making a meaningful decision to waive his right to have a sample of his blood tested by an independent laboratory, a right afforded him by the General Assembly. Furthermore, by failing to leave the form with Matthews, the Trooper deprived Matthews of the opportunity to exercise that right when he became sober.

Under these circumstances, the Court finds that Commonwealth Exhibit 2 is inadmissible for purposes of Matthews' prosecution for driving while intoxicated.

---

[2] The same result would be reached had the Court employed other rules of statutory construction, such as *noscitur a sociis*. *See e.g., Turner v. Commonwealth*, 226 Va. 456, 459-61 (1983); *Martin v. Commonwealth*, 224 Va. 298, 301-02 (1982).

## II. *Matthews' Motion to Strike and the Merits of the Case*

Despite the inadmissibility of Exhibit 2, the Court nevertheless finds that the Commonwealth presented sufficient evidence for this Court to find Matthews guilty of driving while intoxicated in violation of § 18.2-266.

At trial Officer McClanahan testified that he was proceeding northward on I-95, when the vehicle driven only by Matthews abruptly swerved in front of the Trooper's cruiser. Thereafter, he observed Matthews' car move back to his lane and into the next lane to Matthews' left. Trooper McClanahan testified that immediately thereafter Matthews' car moved back across his own lane into the Trooper's lane. All of these movements took place in less than four tenths of a mile, at which point Matthews turned off I-95 at an exit and pulled his car to the right side of the road. Thereafter, the Trooper activated his emergency equipment, pulled his cruiser behind Matthews' vehicle, and proceeded to ask Matthews whether he had been drinking. Matthews gave him the equivocal answer that he had had nine beers that afternoon. The Trooper testified that Matthews smelled of alcohol, looked flush in the face, and exhibited glassy eyes and slurred speech. The Trooper further testified that when Matthews complied with his request to proceed to the front of the car, Matthews fell against the side of the car and had to steady himself against the side of the car in moving to the front of his vehicle. Trooper McClanahan placed Matthews under arrest after he declined a series of field sobriety tests.

After being taken to the Fairfax Adult Detention Facility, Matthews elected to take a breath test. The Trooper testified that thereafter, contrary to the instructions of the ASAP personnel administering the breath test, Matthews' breath testing was nullified by Matthews' belching on four occasions. As a consequence, a blood test was ordered by the magistrate on duty. In the course of the testing, Matthews cursed and was disorderly, so much so that he had to be restrained by several law enforcement officers.

Apart from the admission of the blood test results, this Court finds that the foregoing evidence proved Matthews' guilt of driving while intoxicated by proof beyond a reasonable doubt. Accordingly, Matthews motion to strike the Commonwealth's evidence is overruled, and Mr. Matthews is found to be guilty of driving while intoxicated, as charged. He is ordered to return to Court on Friday, June 10, 1994, for sentencing.