COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton[*]
Argued at Norfolk, Virginia


KENNETH JAMES KRAMPEN
                                     OPINION BY
v.  Record No. 0241-98-1   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                  FEBRUARY 9, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Edward W. Hanson, Jr., Judge

          J. Roger Griffin, Jr. (Chris A. Christie;
          Christie & Kantor, on brief), for appellant.

          Richard Barton Campbell, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Kenneth James Krampen (appellant) was convicted in a bench

trial of two counts of taking indecent liberties with a child, in

violation of Code § 18.2-370.1.  He contends the evidence was

insufficient to find that he maintained the required "custodial

or supervisory relationship" over the child within the meaning of

the statute.  For the following reasons, we affirm the

convictions.

                              I.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

_____

     [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). So viewed, the evidence established that the victim, D.V., was fifteen years old at the time of the offenses. In early 1997, D.V. attended Foundry United Methodist Church in Virginia Beach with appellant, his wife, and their five children. D.V.'s mother or aunt would take her to the Krampen residence, where she would ride to church with the Krampen family. Appellant's wife often transported the victim to church, and appellant drove her home. Appellant was the only adult in the car during these trips. Appellant and his wife were the only people who had D.V.'s mother's permission to take D.V. to and from church.

On two separate occasions in April 1997, appellant drove D.V. home after church. On the first occasion, appellant stopped the car in a vacant parking lot and told the victim he had sexual feelings for her. He kissed her, rubbed her thigh and talked about having sex with her. Appellant told D.V. having sex with him would be "the best sex [she] ever had." He did not touch her breasts or vaginal area on that occasion.

Approximately one week after that incident, appellant again drove the victim home from church. En route, appellant stopped the car at a dead-end parking area. He placed his hand inside D.V.'s shirt and fondled her breasts. He also placed his mouth on them and fondled her vagina with his hand inside her pants.

On May 5, 1997, the Department of Social Services began an investigation of appellant, during which he confessed to the allegations.  At the interview, the investigator asked appellant "if he understood that when he took [the victim] back and forth to church that he assumed a custodial or guardianship role over her."  Appellant responded, "Yes."

At trial, appellant stipulated to the April 1997 incidents.  The trial court found that appellant maintained "a custodial or supervisory relationship" over D.V. and convicted him of both offenses.

## II.

Appellant's sole contention on appeal is that the evidence was insufficient to establish that he maintained the statutorily required custodial or supervisory relationship over D.V.  He argues that his involvement with the victim "consisted only of assisting her in transportation from church" and the applicable statute requires "more than an informal part-time casual relationship."

> Code § 18.2-370.1 provides:
> Any person eighteen years of age or older who maintains a custodial or supervisory relationship over a child under the age of eighteen, including but not limited to the parent, step-parent, grandparent, step-grandparent, or who stands in loco parentis with respect to such child and is not legally married to such child, and who, with lascivious intent, knowingly and intentionally (i) proposes that any such child feel or fondle the sexual or genital parts of such person or that such person feel or handle the sexual or genital parts of the

child, or (ii) proposes to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361, or (iii) exposes his or her sexual or genital parts to such child, or (iv) proposes that any such child expose his or her sexual or genital parts to such person, or (v) proposes to the child that the child engage in sexual intercourse, sodomy or fondling of sexual or genital parts with another person, or (vi) sexually abuses the child as defined in § 18.2-67.10(6), shall be guilty of a Class 6 felony.

(Emphasis added).

Code § 18.2-370.1 is clear and unambiguous in requiring proof of a "custodial" or "supervisory" relationship over the victim. "The requirement of custodial relationship is not merely a basis for enhancing punishment. . . . [Rather], the custodial relationship the accused maintains with respect to the victim is a predicate to guilt." Seibert v. Commonwealth, 22 Va. App. 40, 46, 467 S.E.2d 838, 841 (1996).

"Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation." Last v. Virginia State Bd. of Med., 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992). "`Courts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied.'" Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)). Accordingly, we must "'take the words as written'" in

Code § 18.2-370.1 and give them their plain meaning.  Adkins v.
Commonwealth, 27 Va. App. 166, 169, 497 S.E.2d 896, 897 (1998)
(quoting Birdsong Peanut Co. v. Cowling, 8 Va. App. 274, 277, 381
S.E.2d 24, 26 (1989)).

The word "custody" has been defined generally as "[t]he care
and control of a thing or person."  Black's Law Dictionary 384
(6th ed. 1990).  Additionally, the Supreme Court has rejected
limiting the definition of "custody" to legal custody.  See
Lovisi v. Commonwealth, 212 Va. 848, 850, 188 S.E.2d 206, 208
(construing Code § 40.1-103, formerly Code § 40-112), cert.
denied, 407 U.S. 922 (1972).

> In its language [the statute] is unambiguous,
> justifying no limitation of the meaning of
> "custody" to legal custody.  To give it such
> a restrictive definition would eliminate,
> among others, teachers, athletic instructors
> and baby-sitters, all of whom might have
> temporary custody of children, from the
> purview of the statute.

Id. (emphasis added).

Accordingly, we hold that the "custodial or supervisory
relationship" required under Code § 18.2-370.1 is not limited to
those situations where legal custody exists.  The statute
specifically provides that such a relationship "include[s] but
[is] not limited to the parent, step-parent, grandparent, [or]
step-grandparent."  Code § 18.2-370.1 (emphasis added).  The term
also includes those individuals eighteen years or older who
have a temporary, custodial relationship with a child, such as,
"teachers, athletic instructors and baby-sitters."  Lovisi, 212

- 5 -

Va. at 850, 188 S.E.2d at 208.  The child in each instance has been entrusted to the care and control of the supervising adult.

The evidence established that, with the permission of the victim's mother, appellant willingly drove the victim home from church.  As the only adult present during these trips, appellant had the responsibility for and control of the victim's safety and well-being while she was in his care.  His contact with the victim was in the nature of a baby-sitter, i.e., one entrusted with the care of the child for a limited period of time.  Indeed, in appellant's interview with investigators he acknowledged that he "assumed a custodial or guardianship role over" the victim by transporting her to and from church.  The Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant maintained the requisite custodial or supervisory relationship over the victim when he proposed that they have sexual relations and when he sexually abused her.  Accordingly, we affirm appellant's convictions.

<u>Affirmed.</u>