COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


TAMEKA ANN DUNN

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1689-02-1             JUDGE NELSON T. OVERTON
                                            APRIL 15, 2003
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                       Frederick B. Lowe, Judge

               Tabitha B. Anderson (Office of the Public
               Defender, on brief), for appellant.

               Michael T. Judge, Assistant Attorney General
               (Jerry W. Kilgore, Attorney General, on
               brief), for appellee.


     Appellant, Tameka Ann Dunn, was convicted in a bench trial

of custodial interference (felony parental abduction) in

violation of Code § 18.2-49.1(A).  On appeal, she contends the

trial court erred in: (1) exercising jurisdiction and finding

Virginia Beach to be the appropriate venue, and (2) finding that

a custodial parent can be found guilty of violating Code

§ 18.2-49.1.  For the reasons that follow, we affirm the trial

court.

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

On October 5, 2001, the Norfolk Juvenile and Domestic Relations District Court (juvenile court) entered a temporary visitation order in which the terms were "worked out by" appellant and Brian Covington (father). The order required that "all pick up and drop off of the parties' minor child shall take place at Chuck E. Cheese located on Lynnhaven Parkway in the City of Virginia Beach." Under the temporary visitation agreement, appellant had custody of the child for visitation purposes beginning at 6:00 p.m. on Friday, October 5, 2001, until 6:00 p.m. on Friday, October 12, 2001, at which time father would reacquire custody for visitation. "Thereafter, [father] shall have [custody of the child for visitation] every weekend from Friday at 6 p.m. until Sunday at 7 pm." In the order, the Norfolk juvenile court judge "instructed [appellant] that she cannot leave the Commonwealth of Virginia with the parties' minor child."

Father delivered the child to the required location on October 5, 2001. On October 12, 2001, father returned to the agreed upon location at 6:00 p.m. and waited two hours, but appellant and the child never arrived. Fearing appellant had taken the child to Georgia, father sought assistance from the juvenile court, which, on November 2, 2001, "immediately granted" to father "custody of" the child. The juvenile court

-

directed that the order "be presented to the appropriate authorities in Georgia to facilitate the child's immediate return to her father."  In late November 2001, armed with the November 2 order, father traveled to Blairsville, Georgia, located his daughter and returned her to Virginia.

On November 28, 2001, Detective Borman with the Virginia Beach Police Department located appellant in Marietta, Georgia, placed her in custody and returned her to Virginia.

### JURISDICTION AND VENUE

Code § 17.1-513 establishes the general jurisdiction of the circuit courts and provides that "[t]hey shall . . . have original jurisdiction of all indictments for felonies and of presentments, informations and indictments for misdemeanors." Code § 19.2-239 provides that "[t]he circuit courts . . . shall have exclusive original jurisdiction for the trial of all presentments, indictments and informations for offenses committed within their respective circuits."  "Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed."  Code § 19.2-244.  Venue is reviewed to determine "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings."  Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990).  The Commonwealth may prove

-

venue by either direct or circumstantial evidence.  In either case, the evidence must be sufficient to present a "'strong presumption' that the offense was committed within the jurisdiction of the court."  Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (quoting Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)).

Code § 18.2-49.1 makes it a crime to intentionally withhold "a child from the child's custodial parent in a clear and significant violation of a court order respecting the custody or visitation."  "Under Code § 18.2-49.1(A), the General Assembly clearly provided that venue exists where the crime of custodial interference occurred, i.e., where the harm resulted as a direct and immediate consequence of the violation of the court order."  Foster-Zahid v. Commonwealth, 23 Va. App. 430, 442-43, 477 S.E.2d 759, 765 (1996) (holding that venue lay in Fairfax, the location where child was to be returned), aff'd, 254 Va. 168, 489 S.E.2d 687 (1997).

By valid order entered by the Norfolk juvenile court, the parties were required to "pick up and drop off" the child at a Virginia Beach location.  The terms of the order were "worked out" by appellant and father.  Appellant's failure to relinquish custody of the child to father in Virginia Beach on October 12, 2001, constituted an "offense" committed within that circuit.  See Code § 19.2-244.  Accordingly, venue was proper in that

-

jurisdiction as that was the jurisdiction to which appellant was ordered to relinquish temporary custody and from which appellant withheld custody from the father.

CUSTODIAL PARENT'S AMENABILITY TO CONVICTION

Appellant also contends she "cannot be held to violate § 18.2-49.1(A)" because she was the "custodial parent" at the time.  Code § 18.2-49.1(A) provides:

> Any person who knowingly, wrongfully, and intentionally withholds a child from the child's custodial parent in a clear and significant violation of a court order respecting the custody or visitation of such child, provided such child is withheld outside of the Commonwealth, shall be guilty of a Class 6 felony.

Code § 18.2-49.1(B) makes it a Class 3 misdemeanor for a person to "knowingly, wrongfully and intentionally engage[] in conduct that constitutes a clear and significant violation of a court order respecting the custody or visitation of a child."

"[T]he Supreme Court has rejected limiting the definition of 'custody' to legal custody," which is "defined generally as '[t]he care and control of a thing or person.'"  Krampen v. Commonwealth, 29 Va. App. 163, 167-68, 510 S.E.2d 276, 278 (1999) (citations omitted) (holding that Code § 18.2-370.1, which requires proof of "custodial or supervisory relationship," "is not limited to those situations where legal custody exists," but applies also to persons having temporary custodial

-

relationship); see also Lovisi v. Commonwealth, 212 Va. 848, 850, 188 S.E.2d 206, 208 (1972) (in case involving stepfather, concluding that custody provision in former Code § 40-112, cruelty to children, is not restricted in application to those having legal custody of children); Bennett v. Commonwealth, 8 Va. App. 228, 380 S.E.2d 17 (1989) (affirming abduction conviction of natural mother who, in derogation of a court order, abducted her children from the temporary physical custody of the children's grandparents).

"The act that elevates the offense from a misdemeanor to a felony occurs only when the child is 'withheld' from a custodial parent 'outside of the Commonwealth.' The gravamen of the offense is the withholding of the child from the custodial parent outside the Commonwealth." Foster—Zahid, 23 Va. App. at 437, 477 S.E.2d at 762 (affirming mother's conviction, holding that clear intent of the statute is to punish more severely those who withhold a child from its rightful custodian when the detention is outside of Virginia).

Visitation by a non-custodial parent is deemed in the child's best interest. Barring acts that endanger the child or usurp duties of a parent with legal custody, "neither the custodial parent nor the court may intervene to restrict activities during visitation." Eichelberger v. Eichelberger, 2 Va. App. 409, 413, 345 S.E.2d 10, 12 (1986).

-

Appellant's argument that a custodial parent can never violate the felony portion of Code § 18.2-49.1, even when he or she takes the child out of the Commonwealth in violation of a court order and withholds the other parent's right of court-mandated visitation, fails to acknowledge the custodial relationship that exists when a non-custodial parent exercises visitation with his or her child pursuant to a court order. Moreover, such a view ignores the recognized importance of visitation by a non-custodial parent and the element of the statute which elevates the crime to a felony, namely taking a child out of the Commonwealth in derogation of a court order granting temporary custody to the non-custodial parent for visitation. Thus, when a non-custodial parent exercises visitation pursuant to a court order, that parent becomes the custodial parent or rightful custodian for that period of visitation until the parent returns the child to the parent having physical custody. Accordingly, appellant was properly charged and convicted under Code § 18.2-49.1(A).

For the foregoing reasons, we affirm the trial court.

<u>Affirmed.</u>

-