COURT OF APPEALS OF VIRGINIA


Present:    Judge Clements, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


ROBERT DANIEL GILBERT
                                                      OPINION BY
v.        Record No. 2122-04-4          JUDGE JEAN HARRISON CLEMENTS
                                                      DECEMBER 20, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                            LeRoy F. Millette, Jr., Judge

                John V. Notarianni for appellant.

                Leah A. Darron, Assistant Attorney General (Judith Williams
                Jagdmann, Attorney General, on brief), for appellee.


        Robert Daniel Gilbert was convicted in a bench trial of taking indecent liberties with a

child over whom he maintained a custodial or supervisory relationship, in violation of

Code § 18.2-370.1. On appeal, Gilbert contends the trial court erred in finding the

Commonwealth's evidence that he was the child's employer sufficient, as a matter of law, to

prove he maintained a "custodial or supervisory relationship" over the child within the meaning

of the statute. We disagree and affirm the trial court's judgment and Gilbert's conviction.

                                      I.  BACKGROUND

        The relevant facts in this case are undisputed. Gilbert was a co-owner and manager of

Manhattan Bagel, a food establishment located in Prince William County. Gilbert was

responsible for the hiring and firing of the store's employees, fixing the employees' work

schedules, and directing the employees regarding their duties during work hours. In June 2003,

Gilbert hired the victim. The victim worked for Gilbert at the bagel store from June to December

2003. Occasionally, the victim worked with Gilbert in his office. Gilbert told the victim he was

going to teach him accounting procedures so he could be "a supervisor" by the time he was a senior in high school.

In December 2003, the victim, who was seeking a raise, agreed to work with Gilbert at the store on Christmas day, even though the store would be closed. After being dropped off at the store that day around noon by his mother, the victim worked with Gilbert for about an hour, preparing the store for the next business day. After completing their work, Gilbert suggested they talk in his office and the victim agreed to do so "for a few minutes." No one else was in the store. Gilbert was fifty-six years old at the time, and the victim was fifteen years old.

After talking briefly about Christmas and sports, Gilbert directed the conversation toward sexual matters. As the conversation progressed, Gilbert touched the victim's ear, neck, and chest. He then told the victim to pull down his pants. "In shock" and "[not] know[ing] what to do," the victim complied. After touching the victim's thighs, Gilbert got up and closed the office door so no one outside the store could see them through the window. Gilbert then pulled down the victim's undershorts and, telling the victim he wanted "to see [his] erection," proceeded to touch the victim's scrotum and rub the victim's penis for more than five minutes. Unable to provoke an erection, Gilbert told the victim to pull his pants back up. After hugging the victim and telling him not to be embarrassed, Gilbert drove him home.

Upon learning from the victim what had happened, the victim's mother contacted the police. Gilbert admitted to the police that he had "touched the victim's penis, scrotum, and nipples." He also admitted that he had "manipulated" the victim and that the victim had no "idea what his intentions were when he took him into the back office."

A grand jury indicted Gilbert, charging that he, "a person at least eighteen years of age who maintained a custodial or supervisory relationship over [the victim], a minor, did

knowingly, and with lascivious intent, sexually abuse such child," in violation of Code § 18.2-370.1.

At the conclusion of the evidence at trial, Gilbert moved to strike the charge, claiming the Commonwealth failed to prove he maintained a "custodial or supervisory" relationship over the victim. The trial court denied the motion and convicted Gilbert of the crime charged, ruling that, although the evidence did not establish the existence of a "custodial" relationship, it did establish that Gilbert maintained a "supervisory" relationship over the victim at the time of the sexual abuse.

This appeal followed.

## II. ANALYSIS

On appeal, Gilbert contends the evidence was insufficient, as a matter of law, to convict him under Code § 18.2-370.1 because the Commonwealth failed to prove he maintained a "custodial or supervisory relationship" over the victim within the meaning of the statute. Specifically, Gilbert argues, the mere fact he was the victim's employer was not sufficient to establish the existence of the statutorily required relationship. In support of this argument, he asserts that no precedential case in Virginia has "extended the meaning of 'custodial or supervisory relationship' to include an employer" or drawn a distinction between "custodial" and "supervisory" in considering the nature of the relationship required under Code § 18.2-370.1. Thus, Gilbert concludes, his employer-employee relationship with the victim did not bring him within the purview of the statute and the trial court erred in determining that such a relationship was a sufficient predicate for conviction under Code § 18.2-370.1. We disagree.

"We review questions of law, and mixed questions of law and fact, utilizing a de novo standard of review." Muhammad v. Commonwealth, 269 Va. 451, 479, 611 S.E.2d 537, 553 (2005). In reviewing the sufficiency of the evidence to sustain a conviction, "we determine

whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). We will affirm the conviction "unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

The version of Code § 18.2-370.1(A) in effect at the time of the charged offense provided, in relevant part, as follows:

> Any person eighteen years of age or older who maintains a *custodial or supervisory relationship* over a child under the age of eighteen, including but not limited to the parent, step-parent, grandparent, step-grandparent, or who stands in loco parentis with respect to such child and is not legally married to such child, and who, with lascivious intent, knowingly and intentionally . . . sexually abuses the child . . . , shall be guilty of a Class 6 felony.

(Emphasis added.)

"When the language of a statute is unambiguous, we are bound by the plain meaning of that language and may not assign the words a construction that amounts to holding that the General Assembly did not mean what it actually stated." Commonwealth v. Diaz, 266 Va. 260, 265, 585 S.E.2d 552, 554 (2003). Moreover, when "a statute contains no express definition of a term, the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used," in light of the context in which the term at issue is used. Hubbard v. Henrico Ltd. Partnership, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998).

As this Court has previously stated, "Code § 18.2-370.1 is clear and unambiguous in requiring proof of a 'custodial' *or* 'supervisory' relationship over the victim." Krampen v. Commonwealth, 29 Va. App. 163, 167, 510 S.E.2d 276, 278 (1999) (emphasis added). The use of the disjunctive "or" in the statute between the terms "custodial" and "supervisory" clearly

- 4 -

indicates that proof of either a "custodial" relationship or a "supervisory" relationship, or both, will satisfy the statute's relationship requirement. See Chappelle v. Commonwealth, 28 Va. App. 272, 275, 504 S.E.2d 378, 379 (1998) ("Because element six [of common law robbery] is constructed using the disjunctive 'or,' it is satisfied when a defendant instills fear in the heart of his victim, when he perpetrates violence against the victim, or both."). "Proof of both conditions is not necessary so long as one is present." Id. Hence, although, as Gilbert points out, this Court has dealt in the past almost exclusively with the "custodial" aspect of Code § 18.2-370.1, see, e.g., Guda v. Commonwealth, 42 Va. App. 453, 592 S.E.2d 748 (2004); DeAmicis v. Commonwealth, 31 Va. App. 437, 524 S.E.2d 151 (2000) (en banc); Krampen, 29 Va. App. 163, 510 S.E.2d 276, the statute clearly contemplates that a "supervisory" relationship alone may serve as a predicate to conviction under the statute. Indeed, to read the phrase "custodial or supervisory relationship" as a "single descriptive term," as Gilbert urges, would require us to replace the phrase's disjunctive "or" with the conjunctive "and," which we may not do. See Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) ("'Courts are not permitted to rewrite statutes. This is a legislative function.'" (quoting Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944))).

We turn next to the question whether, as the trial court determined, Gilbert's relationship over the victim constituted a "supervisory relationship" within the meaning of Code § 18.2-370.1. The word "supervisory" is not defined in the statute. Thus, we "must give it its ordinary meaning." Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (en banc).

Pursuant to its common usage, the word "supervisor" means "a person having authority delegated by an employer to hire, transfer, suspend, recall, promote, assign, or discharge another employee or to recommend such action." Webster's Third New International Dictionary 2296

- 5 -

(1993).  A "supervisor" is also defined as "[o]ne having authority over others; a manager or overseer" and "any individual having authority to hire, transfer, suspend, lay off, recall, promote, discharge, discipline, and handle grievances of other employees, by exercising independent judgment."  Black's Law Dictionary 1479 (8th ed. 2004).  As is evident from these definitions, having authority over an employee is the irrefutable mark of a "supervisor."

Here, the evidence established that Gilbert had authority over the employees at the bagel store, including the victim.  As the co-owner and manager of the store, Gilbert was responsible for the hiring and firing of the store's employees, creating the employees' work schedules, and directing the employees' work duties.  Exercising that authority, Gilbert hired the victim, arranged for him to work alone at the store with Gilbert on Christmas day, maneuvered him into the store's back office on Christmas day, and sexually abused him.  Gilbert admitted that he manipulated the victim and that the victim had no idea what Gilbert intended to do to him in the office that day.

It may be reasonably concluded from this evidence that, as the victim's employer, Gilbert had authority over the victim when he sexually abused him at the store and was, thus, the victim's "supervisor" at the time.  We conclude, therefore, that the evidence was sufficient, as a matter of law, to prove beyond a reasonable doubt that Gilbert maintained a "supervisory" relationship over the victim within the meaning of Code § 18.2-370.1 at the time of the charged offense.

### III.  CONCLUSION

For these reasons, we hold that Gilbert's employer-employee relationship over the victim constituted a sufficient predicate for conviction under Code § 18.2-370.1.  Accordingly, we affirm the trial court's judgment and Gilbert's conviction.

Affirmed.