COURT OF APPEALS OF VIRGINIA

Present:    Judges McClanahan, Petty and Beales
Argued at Salem, Virginia


MARCUS JERMAINE MILLER, S/K/A
  MARCAS JERMAINE MILLER

                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2209-06-3               JUDGE WILLIAM G. PETTY
                                        FEBRUARY 12, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Jason S. Eisner, Assistant Public Defender, for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted appellant Marcus Jermaine Miller of felony

child abuse in violation of Code § 18.2-371.1(A) and sentenced him to eight years in prison, with

four years suspended.  On appeal, Miller argues that the trial court erred when it found that he was a

"parent, guardian, or other person responsible for the care of" the child, pursuant to Code

§ 18.2-371.1(A).  For the reasons stated below, we hold that the trial court did not err and affirm

Miller's conviction.

I.

Code § 18.2-371.1(A) provides that

> [a]ny parent, guardian, or other person responsible for the care of a
> child under the age of 18 who by willful act or omission or refusal
> to provide any necessary care for the child's health causes or
> permits serious injury to the life or health of such child shall be
> guilty of a Class 4 felony.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant argues that there was insufficient evidence to establish that he was a "person responsible for the care of a child" at the time the offense occurred.

When considering the sufficiency of the evidence presented at trial, we "presume[] the judgment of the trial court to be correct" and will not disturb it unless it is "'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680). "The credibility of a witness, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder." Clifford v. Commonwealth, 48 Va. App. 499, 513, 633 S.E.2d 178, 185 (2006) (citing Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989)). On appeal, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, and grant to it all reasonable inferences fairly deducible from the evidence. Ragland v. Commonwealth, 16 Va. App. 913, 915, 434 S.E.2d 675, 676-77 (1993).

At the time of the offense, Miller lived with his girlfriend, Ebony Ferrell and her son, M.[1] Miller assisted in caring for M., and Ferrell frequently left M. in Miller's care when she left to do errands. On April 4, 2006, Ferrell left M. in Miller's care while she went to the laundromat. Ferrell stated that when she left, M. was sleeping, but when she returned, he was crying, could not stand up or walk, had a high fever, and had a new bruise on his chest.

M. was admitted to the UNC Hospital at Chapel Hill on the morning of April 5, 2006, where he was examined by a pediatrician. The doctor concluded that he had numerous serious injuries, including three liver lacerations. The doctor opined that his injuries were caused by trauma, that the child had been battered, and that the liver injuries were likely sustained anywhere from twenty-four to seventy-two hours prior to her examination of M. on April 5.

---

[1] M. was born November 28, 2004.

Following an investigation, Miller was indicted for felony child abuse. The indictment alleged that the crime took place on March 31, 2006 through April 4, 2006.

II.

Miller conceded on brief and at oral argument that he "fell within the purview of § 18.2 371.1 when he was alone with M." While a party cannot concede the law, Cofield v. Nuckles, 239 Va. 186, 194, 387 S.E.2d 493, 498 (1990), we agree with Miller that he fell within the purview of Code § 18.2-371.1(A) during those times in which he was alone with M. See Krampen v. Commonwealth, 29 Va. App. 163, 510 S.E.2d 276 (1999); Snow v. Commonwealth, 33 Va. App. 766, 537 S.E.2d 6 (2000).[2]

In Krampen, 29 Va. App. at 167-68, 510 S.E.2d at 278, we addressed the scope of the term "custodial or supervisory relationship" in Code § 18.2-370.1, which punishes persons who take indecent liberties with a child, under the age of eighteen, with whom they have such a relationship. We held that the term "includes those individuals eighteen years or older who have a temporary, custodial relationship with a child, such as teachers, athletic instructors, and baby-sitters. The child in each instance has been entrusted to the care and control of the supervising adult." Id. (internal citations omitted). We applied the same rationale to Code § 18.2-371.1 in Snow, 33 Va. App. at 771-73, 537 S.E.2d at 9-10. There, we held that one may become a person "'responsible for the care of a child' by a voluntary course of conduct and without explicit parental delegation of supervisory responsibility or court order." Id. at 773, 537 S.E.2d at 10 (quoting Code § 18.2-371.1(A)).

---

[2] There was evidence that Miller abused the child on many other occasions while the mother was present. Because we conclude that the evidence was sufficient to find appellant guilty based on the events of April 4, 2006 while the child was in his sole custody, we need not reach Miller's legal argument that Code § 18.2-371.1 does not apply to him while the child was in the mother's care and he was merely on the premises.

In this case, there was credible evidence that when Ferrell left M. alone with Miller on April 4, the child was sleeping and without recent injury. At that point, Miller was, like the appellant in <u>Krampen</u>, "in the nature of a baby-sitter, *i.e.* one entrusted with the care of the child for a limited period of time." <u>Krampen</u>, 29 Va. App. at 168, 510 S.E.2d at 278-79. Ferrell testified that when she returned, M. was very ill, had a high fever, and a bruise on his chest. The child's treating physician testified that M. had sustained liver lacerations as recently as the twenty-four-hour period preceding her examination of the child on April 5. Thus, we cannot say that the trial court's decision was plainly wrong or without evidentiary support when there is sufficient evidence from which the trial court could reasonably infer that M. had sustained his injuries during the time he was alone with Miller.

III.

We conclude that there was sufficient evidence to support the trial court's holding that Miller was a person responsible for the care of M. We affirm Miller's conviction.

<u>Affirmed.</u>