COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Malveaux and Causey

DUSTIN JAMES LAPRADD

v.    Record No. 1054-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 4, 2022

FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

(Mark B. Arthur; Mark B. Arthur, P.C., on brief), for appellant.

(Jason S. Miyares, Attorney General; Victoria Johnson, Assistant
Attorney General, on brief), for appellee.

The Circuit Court of Bedford County convicted appellant of felony driving while

intoxicated, in violation of Code § 18.2-266; felony hit and run, in violation of Code § 46.2-894;

and driving on a revoked license, in violation of Code § 46.2-391. By final order entered

October 5, 2020, the court sentenced appellant to seven years of incarceration with five years

suspended. On appeal, appellant contends that the trial court violated his statutory and

constitutional speedy trial rights by denying his motion to dismiss the indictments. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Accordingly, we affirm the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  In doing so, we discard any of appellant's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence.  *Gerald*, 295 Va. at 473.

On July 1, 2019, police arrested appellant for driving while intoxicated, felony hit and run, and driving on a revoked license.  On October 2, 2019, the general district court certified the charges to the grand jury, which returned true bills of indictment on November 5, 2019.  Appellant was held continuously without bail from the time of his arrest.

Trial was initially set for March 10, 2020.  On March 3, 2020, appellant filed a *pro se* motion to dismiss raising a statutory speedy trial challenge.  Appellant asserted that Code § 19.2-243's five-month limitation period required the Commonwealth to proceed with trial no later than March 3, 2020.  Because trial was scheduled beyond the statutory five-month window, appellant moved the trial court to dismiss the indictments against him.  After a hearing, the trial court denied appellant's motion, appointed a new attorney to represent him, and scheduled trial for March 17, 2020.

On June 30, 2020, appellant and his counsel signed a written plea agreement with the Commonwealth.  The agreement provided that appellant would plead "guilty or *nolo contendere*" to his charges in exchange for the Commonwealth's promise to "request an active sentence of no more than four (4) years in the penitentiary."  In the agreement, appellant acknowledged that he had "discussed the nature of the charges" and "any possible defenses" with his attorney.  Appellant also acknowledged that he understood that "by pleading guilty or no contest he waive[d] his right to an appeal."  Appellant understood that if he chose to plead not guilty, he would retain certain constitutional rights, including the right to "a speedy and public trial by jury."  Finally, the

agreement stated that appellant's pleas of guilty or *nolo contendere* would be given "freely, intelligently, and voluntarily."

The same day, appellant pled *nolo contendere* to the charges. Following a colloquy, the trial court concluded that appellant "fully understood the nature and effect of his pleas and of the penalties that may be imposed upon his conviction and of the waiver of trial by jury and of appeal." After determining that appellant's pleas "were voluntarily and intelligently made," the trial court accepted them and convicted appellant. This appeal follows.

ANALYSIS

On appeal, appellant contends that the trial court violated his statutory right to speedy trial under Code § 19.2-243 by denying his motion to dismiss the indictments. In addition, appellant argues, for the first time on appeal, that the trial court also violated his constitutional right to a speedy trial. We will not consider appellant's arguments because he waived them.

"The issue of whether a defendant has waived his right of appeal in connection with a plea proceeding 'is a matter of law[.]'" *Delp v. Commonwealth*, 72 Va. App. 227, 235 (2020) (quoting *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010)). "Questions of law are subject to *de novo* review on appeal." *Id.* (citing *Gilbert v. Commonwealth*, 47 Va. App. 266, 270 (2005)). Nevertheless, "[we] view the underlying facts and the record in the light most favorable to the Commonwealth because it was the prevailing party below." *Id.* (quoting *Huguely v. Commonwealth*, 63 Va. App. 92, 110 (2014)).

We have held that a defendant's "voluntary and intelligent plea" of *nolo contendere* "waives all defenses except those jurisdictional." *Clauson v. Commonwealth*, 29 Va. App. 282, 294 (1999) (quoting *Savino v. Commonwealth*, 239 Va. 534, 538 (1990)). Moreover, it is well-established that a defendant's statutory right to speedy trial is non-jurisdictional and subject to waiver. S*ee Brooks v. Peyton*, 210 Va. 318, 322 (1969) (holding that statutory right to speedy trial is non-jurisdictional);

*see also Heath v. Commonwealth*, 261 Va. 389, 393 (2001) ("The protections granted in Code § 19.2-243 may be waived." (citing *Stephens v. Commonwealth*, 225 Va. 224, 233-34 (1983); *Brooks*, 210 Va. at 321)).

In this case, appellant acknowledged in his written plea agreement that he understood his right to a speedy trial if he entered a plea of not guilty, as well as the consequences of pleading *nolo contendere*, and that he was entering his pleas "freely, voluntarily, and intelligently." The trial court accepted appellant's pleas after concluding they "were voluntarily and intelligently made," and appellant does not challenge that finding on appeal. Viewing those facts in the light most favorable to the Commonwealth, we conclude that appellant's pleas of *nolo contendere* waived his right to assert his statutory speedy trial rights on appeal. *Cf. Clauson*, 29 Va. App. at 294 (holding that defendant's *nolo contendere* plea waived a challenge to the trial court's denial of a pre-trial motion to dismiss).

In addition, Rule 5A:18 forecloses our review of appellant's constitutional speedy trial claim. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Thus, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (alteration in original) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). "Rule 5A:18 applies to bar even constitutional claims." *Id.* (quoting *Ohree*, 26 Va. App. at 308). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)); *Brown v. Commonwealth*, 279 Va. 210, 217 (2010). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the

particular point being made in time to do something about it." *Bethea*, 297 Va. at 743 (quoting *Dickerson*, 58 Va. App. at 356).

Accordingly, because appellant raises his constitutional speedy trial claim for the first time on appeal, Rule 5A:18 precludes our review. *Cf. Howard v. Commonwealth*, 55 Va. App. 417, 426 (2009) (holding Rule 5A:18 foreclosed review of defendant's constitutional speedy trial argument raised for first time on appeal), *aff'd*, 281 Va. 455 (2011). Although there are exceptions to Rule 5A:18, appellant does not invoke them, and we will not do so *sua sponte*. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*).

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court

*Affirmed*.