Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Millette, JJ., and Lacy, S.J.

CHARLES TIMOTHY SADLER

v. Record No. 080222         OPINION BY SENIOR JUSTICE
                            ELIZABETH B. LACY
COMMONWEALTH OF VIRGINIA       October 31, 2008

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, Charles Timothy Sadler asks this Court to reverse his conviction for taking indecent liberties with a minor with whom he maintained a custodial or supervisory relationship, Code § 18.2-370.1, because he was not engaged in the activity that gave rise to the custodial or supervisory relationship at the time of the incident. For the reasons stated below, we will affirm the conviction.

FACTS

We recite the facts in the light most favorable to the Commonwealth, the prevailing party below. Porter v. Commonwealth, 276 Va. 203, 215-16, 661 S.E.2d 415, 419 (2008).

The victim, a 17 year old female, was a member of a traveling softball team coached by Sadler. The team was not sponsored by a school but was organized to play a sporadic schedule of tournaments around the country. On February 4, 2006, Sadler and the victim attended a fundraising program for the traveling softball team. Ten days later, on February 14, 2006, Sadler went to the victim's residence knowing she was

alone.  He gave the victim cards and presents for her, her

sister, and her mother.  Sadler then kissed the victim and

rubbed the back of her legs and buttocks.  While Sadler was at

the victim's home, he showed her the new uniforms for the

traveling softball team that he had in his car.  Three days

after this incident Sadler and the victim traveled with the

team to Georgia for a tournament.

Following a bench trial, Sadler was convicted of a

violation of Code § 18.2-370.1 and sentenced to a two-year

term of imprisonment.[*]  The trial court suspended all but 30

days of his incarceration.  The Court of Appeals of Virginia

affirmed the conviction.  <u>Sadler v. Commonwealth</u>, 51 Va. App.

17, 26, 654 S.E.2d 313, 317 (2007).  Sadler timely filed a

---

[*] Code § 18.2-370.1 states in relevant part:

(A)  Any person 18 years of age or older who, except as
provided in § 18.2-370, maintains a custodial or
supervisory relationship over a child under the age of 18
and is not legally married to such child and such child
is not emancipated who, with lascivious intent, knowingly
and intentionally (i) proposes that any such child feel
or fondle the sexual or genital parts of such person or
that such person feel or handle the sexual or genital
parts of the child; or (ii) proposes to such child the
performance of an act of sexual intercourse or any act
constituting an offense under § 18.2-361; or (iii)
exposes his or her sexual or genital parts to such child;
or (iv) proposes that any such child expose his or her
sexual or genital parts to such person; or (v) proposes
to the child that the child engage in sexual intercourse,
sodomy or fondling of sexual or genital parts with
another person; or (vi) sexually abuses the child as

2

petition for appeal in this Court, and we granted the petition.

DISCUSSION

Code § 18.2-370.1 applies to any adult "who . . . maintains a custodial or supervisory relationship" with a minor and engages in certain conduct with the minor.  Sadler asserts that the requirement of a custodial or supervisory relationship was not met in this case because he was not acting as her coach or with her for any team-related reason at the time of the offensive conduct.  Therefore, Sadler concludes that his actions did not fall within the purview of the statute.  We disagree.

Sadler's interpretation of Code § 18.2-370.1 imposes a limitation on the plain meaning of the words used in the statute.  In enacting this provision, the General Assembly provided that the only prerequisite for its application is that the offender "maintains a custodial or supervisory relationship" at the time of the offense.  Sadler's construction of the section limits this prerequisite to instances in which the parties are engaged in activities related to that relationship at the time the offensive conduct occurs.  The language of the statute does not support

defined in § 18.2-67.10(6), shall be guilty of a Class 6 felony.

3

such a limitation and it is well established that in construing penal statutes the Court " 'must not add to the words of the statute, nor ignore its actual words, and must strictly construe the statute and limit its application to cases falling clearly within its scope.' " Phelps v. Commonwealth, 275 Va. 139, 142, 654 S.E.2d 926, 927 (2008) (quoting Robinson v. Commonwealth, 274 Va. 45, 51, 645 S.E.2d 470, 473 (2007)).

Furthermore, Sadler's construction of the statute is inconsistent with the purpose of the statute which is to protect minors from adults who might exploit certain types of relationships. Such harmful exploitation is not limited to incidents occurring during the activity upon which the relationship is based. For example, a coach of a sports team might invite a team member to the coach's home to mow the grass and, during that time, engage in conduct proscribed by Code § 18.2-370.1. Mowing the lawn is not associated with the sports activity, nevertheless, the team member may still feel compelled to obey the coach, thus allowing the coach to exploit the relationship.

For these reasons, we reject Sadler's assertion that a custodial or supervisory relationship is maintained for purposes of Code § 18.2-370.1 only when the objectionable acts are undertaken in the course of performing activities giving

4

rise to that relationship. Whether such a relationship exists at the time of the offending conduct is a matter of fact to be determined on a case by case basis.

The evidence in this case established that at the time of the incident the victim was a member of a traveling softball team coached by Sadler, that ten days prior to the incident Sadler and the victim attended a team fundraiser, on the day of the incident Sadler showed the victim the new uniforms for the team, and three days after the incident Sadler and the victim traveled with the team to participate in a tournament. Therefore, the evidence was sufficient to support a finding that at the time of the incident, Sadler maintained a custodial or supervisory relationship with the victim as required by Code § 18.2-370.1. Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.