COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and AtLee
Argued at Richmond, Virginia

UNPUBLISHED

DANIEL SORIANO AVILA

v.      Record No. 0514-17-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY
FEBRUARY 27, 2018

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

Mary P. Adams (Hairfield Morton, on brief), for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Daniel Soriano Avila was convicted of indecent liberties with a child in violation of Code

§ 18.2-370.1, object sexual penetration in violation of Code § 18.2-67.2, and two counts of

aggravated sexual battery in violation of Code § 18.2-67.3. This appeal concerns only Avila's

conviction under Code § 18.2-370.1.[1] Code § 18.2-370.1 requires that an offender maintain a

supervisory relationship with the victim at the time of the offense. Avila argues that the trial

court erred in convicting Avila of indecent liberties pursuant to Code § 18.2-370.1 because "the

evidence was insufficient as a matter of law to prove he maintained a custodial or supervisory

relationship" over the victim. We affirm the conviction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court sentenced Avila to five years in the penitentiary for this conviction and then suspended the entire sentence. He received an active sentence of fourteen years in the penitentiary on the charges that are not part of this appeal.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party in the circuit court." Porter v. Commonwealth, 276 Va. 203, 215-16, 661 S.E.2d 415, 419 (2008).

Code § 18.2-370.1 requires proof of a "custodial or supervisory relationship" as a predicate to finding guilt. Sadler v. Commonwealth, 276 Va. 762, 765, 667 S.E.2d 783, 785 (2008). "In interpreting Code § 18.2-370.1, the Virginia Courts have broadly construed the meaning of custody, going beyond legal custody, to include those with informal, temporary custody." Guda v. Commonwealth, 42 Va. App. 453, 458, 592 S.E.2d 748, 750 (2004). Code § 18.2-370.1

> does not require the specific entrustment of the child to the care of the adult to create a custodial or supervisory relationship. . . . [A] custodial relationship arises when the supervising adult exercises care and control over the child, with the care including the "responsibility for and the control of the child's safety and well-being."

Id. at 459, 592 S.E.2d at 751 (quoting Krampen v. Commonwealth, 29 Va. App. 163, 167-68, 510 S.E.2d 276, 278-79 (1999)); see also Krampen, 29 Va. App. at 167-68, 510 S.E.2d at 278-79 (rejecting claim that evidence of "informal part-time casual relationship" was insufficient for conviction). Furthermore, a person "may become 'responsible for the care of a child' by a voluntary course of conduct and without explicit parental delegation of supervisory responsibility." Guda, 42 Va. App. at 460, 592 S.E.2d at 751 (quoting Snow v. Commonwealth, 33 Va. App. 766, 773, 537 S.E.2d 6, 10 (2000)).

"Whether such a relationship exists at the time of the offending conduct is a matter of fact to be determined on a case by case basis." Sadler, 276 Va. at 765, 667 S.E.2d at 785. We give a

fact finder's resolution of conflicting facts, as well as competing inferences, "the highest degree of appellate deference."[2] Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (en banc) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)). "'If there is evidence to support the conviction,' we will not substitute our judgment for that of the trier of fact, even were our opinion to differ." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (quoting Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998)).

Here, the only issue before us is whether the trial court erred in its finding of fact that Avila was sufficiently responsible for the care of E.T. that the requirements of Code § 18.2-370.1 were met. E.T. testified that Avila was like a member of the family and lived with the family for about two months. Avila shared a bedroom with E.T.'s brother. E.T.'s parents and older brother often went to work early in the morning, leaving Avila as the only adult in the house. E.T. testified she was left alone with Avila about fifty percent of the time. The trial court additionally found credible E.T.'s testimony that "at times [Avila] took [E.T.] to the soccer field, drove her where her mother was and that he was the only adult in the vehicle." The trial court found, based

---

[2] In this case, two interpreters translated the proceedings for the benefit of the Spanish-speaking defendant and witnesses. It is well established that we defer to the trial court's findings of fact, but "[s]uch deference is even more critical where, as here, the trial court has the ability to see and hear the witness testify, but the record preserves only the interpreter's translation of the witnesses' answers." Jin v. Commonwealth, 67 Va. App. 294, 299, 795 S.E.2d 918, 921 (2017). We note that the witnesses sometimes gave contradictory or nonresponsive answers. The trial court, as fact finder, had the ability to see and hear the witnesses testify and to evaluate the weight to give each answer.

on the testimony, that E.T. "would ride along with the Defendant sometimes and then sat alone with him several times."

On the date of the incident, E.T. was sick, so she stayed home from school. The trial court could infer that when E.T. came to her brother's bedroom, she was seeking help because she did not feel well. When Avila instructed E.T. to come and lie close to him under the covers on the floor and then instructed her to lie in her brother's bed, E.T. complied even though she was uncomfortable. The trial court specifically found in regard to Avila's care of E.T., "I think [E.T.] has been very clear on how often [Avila] was left in charge of her, how long he transported them and to where that on this day in question and during this time period she was home sick and he was in the house when she came looking for her brother." Based on the totality of the specific facts in this case, it was reasonable for the trial court to infer that Avila had engaged in "a voluntary course of conduct" over a period of time that created a supervisory relationship with E.T. "[even] without explicit parental delegation of supervisory responsibility." See Guda, 42 Va. App. at 460, 592 S.E.2d at 751. Further, there was sufficient evidence to establish that Avila had the necessary "responsibility for and control of [E.T.'s] well-being," id. at 458, 592 S.E.2d at 750, to constitute the supervisory relationship required by Code § 18.2-370.1.

Avila relies on Hutton v. Commonwealth, 66 Va. App. 714, 791 S.E.2d 750 (2016), to suggest that there was insufficient evidence of a supervisory relationship because no one entrusted the victim to the perpetrator. Hutton is readily distinguishable. In Hutton, the perpetrator lived in a separate house, and the victim's mother specifically warned the victim not to go to the perpetrator's house and warned the perpetrator not to allow the victim to come to his house. Id. at 717, 791 S.E.2d at 751. Here Avila lived in the same house as E.T. and had parental permission to drive E.T. to various places and to stay alone with her about fifty percent

of the time.  Moreover, Code § 18.2-370.1 "does not require the specific entrustment of the child to the care of the adult to create a custodial or supervisory relationship."  <u>Guda</u>, 42 Va. App. at 459, 592 S.E.2d at 751.  It is sufficient that "the supervising adult exercises care and control over the child."  <u>Id.</u>  The trial court found Avila exercised the requisite care and control over E.T.; we will not disturb the trial court's factual determination on appeal.

For the reasons given above, we affirm Avila's conviction for indecent liberties in violation of Code § 18.2-370.1.

<u>Affirmed.</u>